\*A. & E. HANDY *vs.* CHATFIELD & HARDAWAY.    [ \*35 ]

In declaring, a plaintiff cannot set out *two distinct contracts* in *one count*, and allege a breach which goes to both ; *it was accordingly held*, in an action of covenant for non-payment of rent, that the plaintiff could not in one count declare upon an indenture of lease reserving a particular sum as rent, and upon a covenant endorsed upon such indenture for the payment of an additional sum as rent on the same quarter days.

DEMURRER to declaration. The plaintiffs declared in *covenant*, setting forth, in the first place, an indenture of *lease* in ordinary form, of certain premises, reserving an annual rent of $1200, payable quarterly, and then alleging that after the making of the lease, and during the term thereby granted, it was covenanted and agreed by the defendants by an endorsement in writing made on the lease, signed and sealed by them, that in consideration that the plaintiffs had erected an additional building on the demised premises, they would pay to the plaintiffs a *further rent* of $524 *in addition* to the rent reserved in the lease ; that they would pay such rent quarterly, as specified for the rent reserved in the lease ; that the plaintiffs should have the same remedies for the collection of the additional rent as if it had been originally reserved in the lease, and that such additional rent should be computed and commence from 1st November, 1836. (The term demised by the original lease commenced 1st May, 1835, and the quarter days for the payment of rent were the first days of August, November, February and May.) The plaintiffs then allege a breach of the indenture of lease, *and* of the covenant endorsed thereon, in the non-payment on the 1st February, 1839, of the sum of $431, the rent for three months of the term, commencing 1st November, 1838. The defendants demurred, and assigned for cause of demurrer, the joining of two distinct causes of action in one count.

*J. A. Spencer*, for the defendants.

*C. P. Kirkland*, for the plaintiffs.

*\*By the Court*, BRONSON, J. The count is bad for duplicity ; the    [ \*36 ] objection pointed out by the demurrer. The plaintiffs have, in a single count, set out two distinct contracts, and alleged a breach which goes to both. Although both of the covenants relate to nearly the same subject matter, and the plaintiffs have attempted to treat them as though they constituted but a single contract, it is impossible to deny that the count is framed upon two several deeds, and the claim is to recover damages for the breach of both of the contracts. Profert is properly made of both deeds ; and it is clear that the defendants might plead *non est factum* to each of them ; and

there may be other grounds of defence as to one of the covenants, which do not exist in relation to the other.

There is no precedent for this mode of declaring, and it would be likely to prove highly inconvenient in practice. Where the plaintiff has several distinct causes of action, of the same nature, he is allowed to insert several counts in his writ and declaration, for the very reason that the pleading would be bad for duplicity if they were all inserted in one count.

If the second contract had provided for the payment of the rent originally reserved, as well as the *additional* sum of $524, an action might then have been maintained upon that covenant for the whole sum, and only one count would have been necessary. But the second contract goes only to the *further* or *additional* rent of $524, and the plaintiffs cannot recover the whole debt without counting upon both deeds.

In this case, the pleader might, in one count, have set out the original lease, assigning for breach the non-payment of the rent reserved by that deed : and then, in a *second count*, after stating the original lease, either at large or by a proper reference to the first count, he might have set out the covenant endorsed on the lease, and assigned for a breach the non-payment of *the additional rent* of $524, provided for by that instrument. The covenant endorsed on the lease was in itself a distinct and complete contract for the [ *37 ] payment of a specified sum of money, although it may be *necessary to look into the other instrument to which it relates for the purpose of more fully understanding the true nature and scope of the undertaking. Such a course is often necessary where one written instrument refers to another ; but that does not prove that both instruments can be regarded as a single contract.

The stipulation in the second contract that the plaintiffs should have the same remedies for the collection of the additional rent as if it had been originally reserved in the lease, cannot alter the form of the remedy. Taken literally, the clause may mean, that the additional rent should be recoverable in an action on the lease alone, which is impossible. But the parties probably intended nothing more than that the additional sum mentioned in the second contract should be regarded as rent, and might be recovered as such, as effectually as though it had been originally reserved in the lease. We do not refuse to give effect to the agreement. We allow the plaintiffs to sue for, and recover this additional sum as rent—giving them as perfect a remedy as though the whole sum had been reserved in the lease ; but in pursuing the remedy the plaintiffs must not depart from the established forms of pleadings. It is the business of the legislature and the courts to regulate the forms in which judicial proceedings shall be conducted ; and those forms cannot be controlled by any stipulation of the parties, as, for example, an agreement that an action of *covenant* may be maintained on a contract by *parol*, or that two distinct causes of action may be inserted in one count.

Albany, January, 1840.—Handy v. Chatfield.

The modern practice in the action of *indebitatus assumpsit* of inserting several debts in one count, as for goods sold, money lent, &c., proves nothing in favor of this declaration. If the assumpsit count is examined, it will be seen that the several debts are only stated as the consideration for a *single* promise. Although there are several considerations, only *one* contract is alleged. But here the plaintiffs have counted upon *two* contracts.

We are referred to the rule in pleading which allows a party in his complaint or defence to allege several distinct facts; but that is subject to the qualification, that they must *all tend to a single point,   [ *38 ] or connected proposition. If the different facts make out more than one cause of action or ground of defence, the pleading will be bad for duplicity.

Judgment for defendants.