W. B. WORSHAM v. J. R. STEVENS.

(Case No. 5628.)

1. CONTRACTS—REMEDIES—REGULAITON BY LEGISLATURE—ACT OF MARCH 18, 1885—A note made in 1884, and payable in April, 1885, was in the usual form, except that it authorized any attorney to confess judgment for the sum due on the note and ten per cent. attorney's fees, if the money should not be paid.   A petition was filed in December, 1885, and an attorney claiming to act under the power conferred by the note, appeared for the maker and confessed judgment. *Held:*

(1) The value of the maker's promise to pay money was not in legal contemplation, injuriously affected by the destruction of the remedy contracted for, by the act of March 18, 1885.

(2) The contract for the remedy did not come within the class made inviolable by the organic law; it involved no property interest, and its violation could cause no damage.   The process of courts is not a subject of inviolable contract.

(3) The parties to stipulations respecting the mode of proceeding must be held to contemplate changes in the mode, and they contract subject to the right of the legislature to make changes.   (Authorities reviewed.)

(4.) The agreement for an attorney to confess judgment for ten per cent. attorney's fees, was a promise to pay such fees, recoverable by due course of law, to which the plaintiff was remitted by the act of 1885.

ERROR from Cooke.   Tried below before the Hon. F. E. Piner.

On December 19, 1885, J. R. Stevens filed in the district court of Cooke county, against W. B. Worsham, a petition upon a promissory note, upon the face of which there appeared to be due  inclusive of attorney's fees, $5,827.69.   The note was signed W. B. Worsham, was dated April 18, 1884, and payable April 18, 1885, to the order of J. R. Stevens, and was in the usual form, with the exception of the following provision:   "In case of the non-payment of the above note at maturity, I hereby authorize any licensed attorney-at-law to appear

for me in court, waive process and confess judgment in favor of the legal holder of the note against me for the full amount of the note and interest, with ten per cent. attorney's fees additional."

No citation was issued, but upon the day the petition was filed, E. A. Blanton, a licensed attorney, claiming to act by virtue of the power contained in the note, entered an appearance for the defendant, and confessed judgment for the full amount claimed, and judgment by confession was accordingly rendered.

*Barrett & Stine* and *Davis & Garnett*, for plaintiff in error, cited: Laws of 19th Leg., 33; Penniman's case, 103 U. S., 714; Cooley on Con. Lim., 287; Simpson *v.* City Savings Bank, 56 N. H., 466.

*Potter & Hughes*, for defendant in error, to show that the power was valid when executed and at the maturity of the note, cited: Parker *v.* Poole, 12 Tex., 86; Grubbs *v.* Blum, 62 Tex., 426; Strasberg *v.* Heidenheimer, 63 Tex., 5; Ludiker *v.* Ratto & Co., Wilson's Civil Cases, 116.

As to the authority of the legislature to change the method of enforcing the contract, they cited: Edwards *v.* Kearzey, 96 U. S., 598; Green *v.* Biddle, 8 Wheat., 1; Van Hoffman *v.* City of Quincy, 4 Wall.,(N. S.) 535; Brown *v.* Kenzie, 1 How.,311; McCracken *v.* Hayward, 2 How., 508; Bank *v.* Sharp et al, 6 How., 301; Mason *v.* Haile, 12 Wheat., 370; (see specially, Mr. Washington's disenting opinion in above cases;) Ogden *v.* Saunders, 12 Wheat., 139; Sturgis *v.* Crowninshield, 4 Wheat., 195; McLane *v.* Paschal, 62 Tex.,104; Cooley on Con. Lim., 290, 291; Kent *v.* Gray, 53 N. H., 577.

ROBERTSON, ASSOCIATE JUSTICE.—Two contracts made by the defendant were embraced in the instrument in suit, one to pay money, and the other authorizing any attorney to confess judgment if the money should not be paid. The plaintiff's remedy upon the pecuniary obligation has not been impaired by the act of March 18, 1885. The value of the defendant's promise to pay money has not been, in legal contemplation, injuriously affected by the destruction of the remedy contracted for. The obligation to pay is still enforcible by judgment, precisely as when the contract was made. But the means of obtaining the judgment were provided in the contract. These means were legal when the contract was executed. Can the legislature withdraw them?

The contract for the remedy is impaired and rendered inoperative by the act. Does this kind of contract come within the class made inviolable by the organic law? We think not. The contracts intended

to be protected from legislative interference are those involving property interests.   The contract must be one of which value may be affirmed.   An agreement that an attorney may go into court and confess judgment upon a money demand is not actionable.   If it is violated there is no damage, if judgment can be recovered without such confession.

The process of courts is not a subject of inviolable contract.   The proceeding to bring a party before the court and to adjudicate a controversy with him, is a matter of public concern.   The purity of the administration of justice is involved.   To preserve and guard it, the legislature may not be fettered by contracts of citizens.   The parties to stipulations respecting the mode of proceeding must he held to contemplate changes in the mode.   They contract subject to the right of the legislature to make changes.   The contract sued on in Mason v. Haile, 12 Wheat., 374, was the debtor's bond to remain in prison, given as part of the creditor's remedy upon his judgment.   A discharge by means of subsequent legislation was held no breach of the bond.   The contract was impaired, annulled, by the legislation, but it was not the sort of contract protected from legislation.   In Handy v. Chatfield, 23 Wend., 35, it was said: "It is the business of the legislature and the courts to regulate the forms in which judicial proceedings shall be conducted, and those forms cannot be controlled by any stipulation of the parties ; for example, an agreement that an action of covenant may be maintained on a contract by parol, or that two distinct causes of action may be inserted in one count."   In Conkey v. Hart, 4 Kernan, (N. Y.) 30, speaking of an agreement between landlord and tenant for a distress warrant at the suit of the former, this writ being authorized when the contract was made, but withdrawn by subsequent legislation, the court reasons thus : "Every such stipulation is in its own nature conditional upon the lawful continuance of the process.   The state is no party to their contract.   It is bound to afford adequate process for the enforcement of rights, but it has not tied its own hands as to the modes by which it will administer justice.   Those from necessity belong to the supreme power to prescribe, and their continuance is not the subject of contract between private parties."   This language is quoted in the text of Mr. Cooley's work on Constitutional Limitations, (p. 288), and the views expressed are thus sanctioned by that high authority.

The short route to a judgment contracted for by the plaintff has been closed by the legislature.   As long as it was open, a debtor could authorize it to be used against him.   It was a secret way into and through the courts, liable to great abuses, and well calculated to

reflect discredit upon tribunals, on the purity and respectability of which the peace of society is dependent. It has been wisely closed. The plaintiff has lost no right. The agreement for an attorney to confess judgment for ten per cent. attorney's fees is a promise to pay such fees, recoverable by the due course of law, to which the plaintiff is remitted by the act of 1885.

The procedure of courts cannot be withdrawn from legislative regulation by contract. That stipulated for by the plaintiff was lawfully abolished before his suit was filed. The court below proceeded without authority in rendering the judgment complained of, and that judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 16, 1886.]