## BERNARD GLOECKLER CO. v. BAKER CO.

### No. 2700.

Court of Civil Appeals of Texas. El Paso.

July 14, 1932.

Rehearing Denied Sept. 12, 1932.

Stonecipher & Ralston, of Pittsburgh, Pa., and McNees & Roberts, of Dallas, for appellant.

Callaway & Reed, of Dallas, for appellee.

WALTHALL, J.

This suit, filed in the district court of Dallas county, Tex., by appellant, a corporation, and against appellee, a corporation, is based upon a judgment obtained in the court of common pleas, county of Allegheny, state of Pennsylvania, and the only question presented is whether or not the Dallas county district court should give full faith and credit to the Pennsylvania court judgment.

The Pennsylvania court judgment is based upon two promissory notes executed and delivered by the Baker Company, by F. J. Baker, its vice president and general manager. The two notes are of the same date, are for the same amount, and of the same verbiage, except that one note is due and payable in seventeen months after date, and the other note is due and payable eighteen months after date. The notes read as follows:

"$1111.12. Dallas, Tex., Oct. 20, 1925.

"Eighteen months after date (the other 17 months after date), for value received, we, or either of us, promise to pay to the order of Bernard Gloeckler Company, Eleven Hundred Eleven and 12/100 Dollars

Bernard Gloeckler Company, and in case of default of payment at maturity an additional five per cent. for the attorney's fees for collection of the same. And we empower any attorney of record in this commonwealth or elsewhere, to appear for us and confess judgment against us for the above sum, together with the five per cent. additional, with the costs of suit release of errors, and without any stay of execution; and for value received do waive the rights and benefits of any law of this or any state exempting property, real or personal, from sale, and if levy be made on land, do also

waive the rights of inquisition and consent to the condemnation thereof, with full liberty to sell the same fi. fa. with release of error thereon, with interest at 6%.

"The Baker Company [Seal]
"[Signed] By F. J. Baker [Seal]."

The Baker Company answered by general denial and special answers; denied that Baker had authority to sign such note waiving right to be sued in Texas; pleaded that it had no notice or service of citation and that it made no voluntary appearance by attorney or otherwise, that plaintiff had filed suit in the Dallas county district court, but such suit had been dismissed without prejudice to either party, that the Pennsylvania court was without jurisdiction to try such suit, that the matters contained in the notes are contrary to the Texas laws where the notes were executed and the place of their performance, and that the provisions of such notes should be governed by the laws of Texas, and that the purported judgment involved is unlawful, void and of no effect.

The case was tried to the court. The judgment recites that the court heard all the evidence and argument and, being of the opinion that the facts and the law are with the defendant, ordered that plaintiff take nothing by its suit.

The trial court made and filed findings of facts and conclusions of law. The findings and conclusions are lengthy, and we refer briefly to such only as we think necessary to the disposition we make of the case. No notice, citation, or other service was had on defendant in the Pennsylvania court prior to the judgment entry, and everything done in the court was without the knowledge or consent of the defendant other than such as is expressed in the notes. The court in the findings recites at length the laws of Pennsylvania and the jurisdiction of the court. Entering the judgment sued on on the application of the holder of the notes, and the authority of the court to appoint an attorney at law to confess judgment, and to enter judgment such as was entered, and the proceeding had in this particular case in entering judgment, and the judgment entered.

From all of the facts found the trial court concluded that: "F. J. Baker had authority to sign these notes involved in this case, containing provisions permitting the confession of judgment. * * * That the purported judgment possesses the formal requisite of a valid judgment and, if void, is so because the court of Common Pleas of Allegheny County, Pennsylvania, did not possess jurisdiction in this case to render such a judgment as is entitled to full faith and credit under the Constitution of the United States of America, and under the laws of the State of Texas." The court further concluded that: "The

notes here sued on were made in Texas; that under the facts in this case, as a matter of law, they were payable in Dallas, Dallas County, Texas, and that it was the intention of the parties that the Texas law should govern this contract." The court then refers to article 2224 of the Texas Civil Statutes and concludes that such agreement for confession of judgment as contained in the notes is void under the laws of this state, and therefore the agreement in the notes to confess judgment was void from the beginning; that the judgment rendered was without due process, and cannot be enforced in this state.

Without quoting at length from the evidence or from the trial court's findings of fact, we think it sufficient to say that the Pennsylvania court had jurisdiction of the amount in controversy, as disclosed by the notes sued on, and had jurisdiction of the person of the defendant by reason only of the provisions in the notes under the laws of Pennsylvania; that is, under the laws of Pennsylvania the court had jurisdiction to enter the judgment sued on.

The findings of fact as found by the trial court are not challenged, and appellant in its brief states that the case here narrows the issues down to the single proposition of whether the district court of Dallas county, Tex., should give full faith and credit to the Pennsylvania judgment.

Article 2224 of our Texas Civil Statutes provides: "No acceptance of service and waiver of process, nor entry of appearance in open court, nor a confession of judgment shall be authorized in any case by the contract or writing sued on, or any other instrument executed prior to the institution of such suit, nor shall such acceptance or waiver be made until after suit brought." Then follows article 2225, providing how confession of judgment may be had.

Section 1, article 4, of the Constitution of the United States, provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

As said by the Supreme Court of this state in Worsham v. Stevens, 66 Tex. 89, 17 S. W. 404, in a suit under similar conditions, two contracts, made by the defendant, are embraced in each of the two notes upon which the Pennsylvania judgment was obtained, one to pay money, the other authorizing any attorney to confess judgment as in the notes provided.

The promise in the notes to pay money is not affected by the other provision in the notes authorizing any attorney to confess judgment, but to have a judgment on the promise to pay the money it is essential, in order that the promisor may have his day in court, that he have notice of the suit, or

voluntarily enter his appearance, or that by a valid agreement he waives such notice or appearance and authorizes the entry of judgment. Here we have a Texas contract, and by agreement or intention of the parties it is to be performed in Texas. Our Texas statute, as above quoted, strikes down and outlaws the part of the contract to waive notice and authorize the confession of judgment by any attorney appointed by the court. If our statute controls, then we have a personal judgment rendered in another state without due process, that is, without any character of notice, service, or voluntary appearance or waiver of notice. In such case the court by reason of the Pennsylvania statute had jurisdiction over the subject-matter of the suit, the suit being personal in character and transitory, but not over the person of the defendant. Appellant insists that the provision in the notes authorizing an attorney to appear and confess judgment, etc., applies to the remedy for the enforcement of the contract, and under the decisions is a matter of municipal regulation within the exclusive control of the sovereignty in whose forum the litigation is conducted. We do not concur in the contention that such provision in the notes applies to the remedy for the enforcement of the contract. Such provision, in our opinion, as said by our Supreme Court, in Worsham v. Stevens, supra, is a part of the contract, and, as here used, has no reference or application to the court procedure, or the form or redress employed through the courts to enforce or carry into effect the contract made. The validity, interpretation, and obligation of contracts depend on the law of the state where the contract originates. Gautier v. Franklin, 1 Tex. 732. Judge Wheeler, in Hays v. Cage, 2 Tex. 501, quotes from Chief Justice Shaw in Bulger v. Roche, 11 Pick. (Mass.) 36, 22 Am. Dec. 359; Bank of U. S. v. Donnally, 8 Pet. 361, 8 L. Ed. 974: "The authorities, both from the Civil and the Common Law concur in fixing the rule that the nature, validity, and construction of contracts is to be determined by the law of the place where the contract is made; and that all remedies for enforcing such contracts are regulated by the law of the place where such remedies are pursued."

The ideas of right and remedy are inseparable; but a remedy contemplates a right, and unless there is a right to enforce there can, in legal contemplation, be no remedy. The purpose and office of a remedy is to enforce a right. It is true, as suggested by appellant, that we look to the law of the forum for the procedure, but we look to the law of the contract to determine the right to be enforced.

Both parties submit authorities to the effect that the validity of the matters of contract in the notes is to be governed by the laws of Texas.

We might have a very different question presented had the notes been made in Texas, but made performable in Pennsylvania. Hastings v. Bushong (Tex. Civ. App.) 252 S. W. 246. The notes being Texas contracts and performable in Texas, the contract provision in the notes to confess judgment, as disclosed by the statute quoted, is contrary to the public policy of this state. Here appellant admittedly is invoking a provision in the contract that could not be enforced in this state. Judge Walker in Cantu v. Bennett, 39 Tex. 303, after stating the general principles upon which the law of place depends, as announced in Parsons' Mercantile Law, says: "The fourth of these general rules is, that a contract which is not valid where it is made, is valid nowhere else; and one which is valid where it is made, is valid everywhere."

The Dallas court, in Tuckett v. Herdic, 5 Tex. Civ. App. 690, 24 S. W. 992, 995, announces the same rule of decision in saying: "If the contract was void by the laws where it was made, it will not be contended that any validity can be imparted to it by bringing suit upon it in a different forum."

To the same effect is Fidelity Mut. Life Association v. Harris, 94 Tex. 35, 57 S. W. 635, 638, 86 Am. St. Rep. 813; Shelton v. Marshall, 16 Tex. 353, in which it is said: "It is an universal principle, that a contract, which is invalid by the law of the place where it is made, will be held to be invalid in all other places or countries, where it may be drawn in question."

We have concluded that the Pennsylvania court being without jurisdiction over the person of the defendant, it had no power to enter the judgment sued upon, and the trial court was not in error in entering the judgment found in the record.

Appellee in its brief presents several cross-assignments of error suggesting error to the trial court's conclusions of law arising on the evidence and facts found, but in view of affirmance it is unnecessary to consider such cross-assignments of error.

The case is affirmed.