

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 21, 1959

Honorable Ralph Prince
Criminal District Attorney
Gregg County
Longview, Texas

Dear Sir:

Opinion No. WW-630

Re: Authority of the Gregg
County Commissioners'
Court to lease the
county hospital.

In your recent letter you have requested our advice as to whether Gregg County has authority to enter into a certain lease of its county hospital considering the circumstances hereinafter quoted from your letter:

"Gregg County owns and operates a County Hospital under the authority of Article 4478 which authorizes counties to provide for the care and treatment of the County's sick . . . From time to time the hospital has been improved and the facilities expanded by the issuance of hospital bonds, the last issue of $500,000 being dated May 15, 1955, authorized at an election held within the County on February 12, 1955.

"Gregg County desires to lease its hospital to a non-profit Episcopal Church corporation for a period in excess of five years and such lease would provide that the hospital be operated as a non-profit corporation, that it would accept Gregg County charity which would be paid for by the Commissioners' Court at a 25% discount of the regular rates; that such lease contract will be in all things similar to the attached contract of lease between Smith County, Texas, and the East Texas Hospital Foundation."

Article 4494L, Vernon's Texas Civil Statutes, provides in part:

"Section 1. Any county in this State having a county hospital which is operated by said county, may, and such county is hereby authorized to lease such hospital, provided the Commissioners

> Court of said county shall find and determine
> by an order entered in the minutes of said Court
> that it is to the best interest of said county
> to lease such hospital. . . ."

Gregg County, acting by and through its Commissioners' Court, is therefore authorized by statute to lease its county owned and operated hospital in the manner provided in such statute. In our opinion this statute contravenes neither the Constitution of the State of Texas nor the Federal Constitution.

A county is by Section 52 of Article III of the Texas Constitution prohibited from lending its credit or granting public money or thing of value in aid of or to any individual, association or corporation whatsoever or becoming a stockholder in same. By Section 3 of Article III of our State Constitution, a county is enjoined from becoming a subscriber to the capital of any private corporation or association or making any appropriation or donation or loaning its credit to same. Thus, it is that the Commissioners' Courts may not dispose of county property so as to virtually amount to a donation. Llano County v. Knowles, 29 S.W. 549 (Civ.App. 1895). Clearly, Article 4494L, Vernon's Texas Civil Statutes, does not violate any of these constitutional provisions by authorizing a county to lease its hospital.

We do not, however, have sufficient facts before us to say whether the proposed lease contract accompanying your letter amounts to a virtual donation of the county hospital inasmuch as such factors as the value of the hospital and its equipment in relation to the benefits to be derived by the county by virtue of the lease contract would have to be considered. The One Dollar ($1) annual rental to be received by the county from the lessee according to the lease contract is patently so nominal as to not be controlling on the question of whether a donation is being made by the county. Again the benefit to the county from being relieved of responsibility of operating the hospital is a consideration which we cannot evaluate without knowing what that responsibility has involved in the past or would entail in the future. Bearing the aforesaid constitutional provisions in mind, the Commissioners' Court can, however, make a proper determination of the question in light of the facts known to it.

It is apparent from the proposed lease contract

that the county does not lend its credit or become a stock-holder in or subscriber to the capital of the lessee and does not enter upon a joint venture with said lessee since control over the management and operation of the hospital is ceded to the lessee, all debts of the hospital are avoided by the county, and it is held safe from any liability which might arise from the operation of the hospital. Further, according to the lease contract, the county does not stand to derive any financial gain from the operation of the hospital.

Insofar as the proposed lease contract provides that the county will effect a sale of the hospital to the extent that the laws of the State of Texas permit same at some time in the future, if and when the lessee elects to purchase the hospital, the Commissioners' Court would be acting without authority. No statute or constitutional provision authorizes Gregg County to sell its hospital or to contract to sell its hospital in the future. The Commissioners' Court is a court of limited jurisidction and has only such powers as are conferred upon it by statute and the Constitution by express terms or by necessary implication. Childress County v. State, 127 Tex. 343, 92 S.W. 2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Civ.App. 1925). The power to lease neither expressly nor by implication confers the power to contract to sell. While Article 4494L, Vernon's Texas Civil Statutes, empowers Commissioners' Courts ". . . to lease such county hospital to be operated as a hospital by the lessee of same under such terms and conditions as may be satisfactory to the Commissioners Court . . ." (Section 4 of the statute), the discretion thus conferred upon the Commissioners' Courts in setting the terms and conditions of such leases is obviously limited to leases only and does not confer the power expressly or by implication to contract to sell by incorporating such a provision in a lease agreement.

We assume that the Gregg County Commissioners' Court in agreeing to ". . . co-operate fully with Lessee in its endeavor to maintain and operate said hospital and assure that the hospital is one of the finest and best equipped in Texas, . . ." means only to co-operate with the lessee to the extent allowed by the laws of the State of Texas. No appropriation of public funds to charitable or non-charitable organizations managed and operated or controlled by private individuals can be made by a Commissioners' Court. Tex.Const. Art. III, Sec. 50, Sec. 51 and Sec. 52; Tex.Const.Art. VIII, Sec. 3; and Tex.Const. Art. XVI, Sec. 6. Upon the lease of the hospital

it will, of course, cease to be a legitimate recipient of county funds.

The proposed lease agreement does not delegate or cede away the governmental function of providing for the care and treatment of the county's charity patients. Our counties are not limited by the Texas Constitution or any statute to discharging their obligation to treat the indigent sick by means of owning and operating a county hospital. Article 4438, Vernon's Texas Civil Statutes, requires counties not operating their own hospitals to send the indigent sick to public hospitals in the county. That, according to the lease agreement, is what Gregg County proposes to do. Under the lease agreement the county will still determine who is eligible for charity treatment and will send those it deems eligible for such treatment to the hospital. The county does not, however, bind itself to send charity cases to the lessee only. Further the county continues to bear the financial burden of such treatment and may determine when the patient is to be discharged. Clearly the county's burden and duty toward charity patients is not shifted by the proposed lease agreement.

According to your letter, the Gregg County Commissioners' Court proposes to lease the hospital for a period in excess of five (5) years. Leasing the hospital for a shorter term would remove the question of constitutionality which is raised by the fact that outstanding tax bonds issued to improve and expand the hospital were voted at a time when Article 4494L, Vernon's Texas Civil Statutes, authorized a lease of only five (5) years or less.

Section 16, Article I of the Texas Constitution, and Section 10 of Article I of the Federal Constitution forbid the enactment of laws impairing the obligations of contracts. In our opinion, Article 4494L, Vernon's Texas Civil Statutes, does not authorize the impairment of contracts within the meaning of the aforesaid constitutional provisions.

In Texas it has been held that a contractual relationship arises between the county and the voters of a bond issue, as well as with the county and the bondholders, and that the "vital conditions and safeguards surrounding the tax" became a part of the contract. David v. Timon, 183 S.W. 88 (Civ.App. 1916); San Saba County v. McCraw, 130 Tex. 54, 108 S.W. 2d 200 (1937). However, the statutes which have been held to be incorporated into the contract between the voters and the county or other taxing unit by a bond election have dealt only with the tax or bonds, as distinguished from the use to which the

public improvement may be put once the tax is established and the bond money is expended. Here the money raised by the bond issue has been expended for the improvement and expansion of the hospital. Hence, no question as to the diversion of public moneys arises. Further, neither the tax, nor the bonds, nor the use to which they will be put, nor the tax liability of the voters of the bonds will be affected by a lease of the hospital for a period in excess of five (5) years. Therefore, the leasing of the hospital would not impair any contractual right conferred on the voters at the bond election.

The contracts intended to be protected from legislative interference are those involving property interests. 9 Tex.Jur. 547, Sec. 112. The obligation must be one of which value can be affirmed. Worsham v. Stevens, 66 Tex. 89, 17 S.W. 404 (1886); Texas & N.O.R. Co. v. Gross, 60 Tex. 621, 128 S.W. 1173 (1910, error ref.). Under the Texas authorities, it cannot be said that the voters at the bond election acquired a property right in how long the hospital might be leased after the bond money was expended for the purpose announced at the election and in accordance with the statutes then existing relative to the bonds and the tax.

As to the bondholders, our courts have held that even where a political subdivision has bonds outstanding and has been authorized by statute to convey all or a portion of the property of the district there is no impairment of the obligation of contract, so long as a valid means of equal efficacy is provided for paying its outstanding bonds and debts. El Dorado Independent School District v. Tisdale, 3 S.W. 2d 420 (Comm. App. 1928); Burns v. Dilley County Line Independent School District, 295 S.W. 1091 (Comm.App. 1927); Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818 (1923). The holders of the hospital bonds in question will still have adequate provision for the retirement of the hospital bonds and the interest thereon as it accrues although the hospital is leased for a period in excess of five (5) years. The tax to retire the bonds is in no way affected by a lease in excess of five (5) years, and, there is therefore no impairment of any obligation to the bondholders.

## SUMMARY

Based upon the information furnished to us, you are advised that the Commissioners' Court of Gregg County has authority to

enter into the proposed lease contract, subject to the exception that it cannot contract to sell the county hospital at a later time even though the obligation to sell is made contingent upon the law's then permitting such sale.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Henry G. Braswell_
Henry G. Braswell
Assistant

HGB:mg

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
Wallace Finfrock
Jot Hodges, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert