**Kenneth ROARK, Appellant,**

**v.**

**William F. SWEIGART, Appellee.**

**No. 07-92-0008-CV.**

Court of Appeals of Texas,
Amarillo.

March 4, 1993.

Rehearing Overruled March 31, 1993.

mitted both subsections (A) and (B), and Bailey did not object. *See Berry v. State,* 833 S.W.2d

332, 333 (Tex.App.—Waco 1992, no pet.).

Lovell & Lyle P.C., J.R. Lovell, Dumas, for appellant.

Louis T. Dubuque P.C., Louis T. Dubuque, Dumas, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

Kenneth Roark perfected this appeal from the trial court's refusal to vacate a judgment secured against him by William F. Sweigart in a Pennsylvania court. The question presented is whether a Texas court must give full faith and credit to a foreign judgment when the questions of jurisdiction and the validity of the judgment have been fully and fairly litigated and finally decided in a court of a sister state. Holding that a Texas court must do so, we will affirm.

Roark, a resident of Dumas, together with Jerry Norrod and Kinard Theatres, Inc., executed a lease agreement with Sweigart, a resident of Pennsylvania, by which they agreed to lease from Sweigart two marquee signs to be installed in a shopping center in Pampa, Texas. The term of the lease was from 1 October 1980 to 1 September 1990 at a monthly rental of $265.50. The lease contained a confession-of-judgment provision in this language:

In the event of default by LESSEE as to any of the terms or conditions of this lease ..., LESSEE authorizes and empowers any attorney of any Court of record of Pennsylvania or elsewhere to appear for it and to confess judgement against LESSEE ... in favor of LESSOR for the whole balance of the term under this lease together with collection fees of 15% and costs and interest....

By executing the lease, the parties agreed that the validity, construction, and performance of the lease were to be governed by the laws of Pennsylvania.

During the term of the lease, Sweigart filed a lawsuit against Roark, Norrod, and Kinard Theatres in a district court of Randall County, Texas, alleging that Roark, Norrod, and Kinard Theatres had breached the lease by failing to make the monthly rental payments. Later, Sweigart entered into a settlement agreement with Norrod and Kinard Theatres, which did not affect Roark's liability under the lease. As a result of the settlement agreement, Sweigart's suit was dismissed with prejudice as to Norrod and Kinard Theatres, but without prejudice as to Roark.

Thereafter, at some time not clearly revealed, Sweigart filed another lawsuit against Roark, Norrod and Kinard Theatres in a district court of Gray County, Texas. Sweigart alleged that Roark had breached the lease and that Norrod and Kinard had breached both the lease and the settlement agreement. The present status of this suit is not disclosed by the record.

Before the term of the lease expired, Sweigart filed a lawsuit against Roark in the Court of Common Pleas of Montgomery County, Pennsylvania, alleging that Roark had breached the lease by failing to make rental payments. On the same day, pursuant to the confession-of-judgment provision, a Pennsylvania attorney confessed judgment for Sweigart and against Roark.

More than a month later, Roark, represented by an attorney, moved the Pennsylvania court to vacate the confessed judgment. Roark predicated his motion and argument on the grounds that the Pennsylvania court did not have personal jurisdiction over him, the identical lawsuit had been filed by Sweigart in Gray County, Texas, which was the proper forum, he had not breached the lease, and the amount

confessed was inaccurate. Ten months afterwards, the Pennsylvania court concluded that it had jurisdiction over the lawsuit and denied Roark's motion to vacate the confessed judgment.

The following year, Sweigart sought the enforcement of his Pennsylvania judgment in Moore County, Texas, in the action underlying this appeal. In response, Roark moved the court to vacate the Pennsylvania judgment, asserting essentially the same arguments that he had asserted in the Pennsylvania court. Replying, Sweigart argued that the Pennsylvania judgment was entitled to full faith and credit under Article IV, Section 1, of the United States Constitution, explaining that Roark was estopped from relitigating the issues of personal jurisdiction and validity of the judgment previously litigated by the Pennsylvania court. Sweigart requested the court to take judicial notice of the Pennsylvania confession-of-judgment law, a certified copy of which was supplied.

Subsequently, the court denied Roark's motion to vacate the Pennsylvania judgment. From the judgment, Roark perfected his appeal, contending with a single point of error that the court erred in denying his motion to vacate the Pennsylvania judgment.

The gist of Roark's presentation is that because Texas law prohibits the enforcement of a cognovit provision in a contract, Texas Civil Practice and Remedies Code Annotated § 30.001 (Vernon 1986), the Pennsylvania judgment is not entitled to full faith and credit in Texas. *Bernard Gloeckler Co. v. Baker Co.*, 52 S.W.2d 912, 914 (Tex.Civ.App.—El Paso 1932, no writ). Accepting that as the general rule, it does not control our disposition under this record.

■ The federal constitutional provision invoked by Sweigart requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. Const. art. IV, § 1; *Bard v. Charles R. Myers Ins. Agency*, 839 S.W.2d 791, 794 (Tex.1992). *See also, Fauntleroy v. Lum*, 210 U.S. 230, 236, 28 S.Ct. 641, 52 L.Ed. 1039 (1908); *Hampton*

*v. M'Connel*, 16 U.S. (3 Wheat) 234, 235, 4 L.Ed. 378, 379 (1818). Thus, a valid foreign judgment is entitled to the same recognition in this state as the judgment would receive in the state where it was rendered. *Bard v. Charles R. Myers Ins. Agency*, 839 S.W.2d at 794.

■ Nevertheless, when a court of one state is asked to give effect to the judgment of a court in another state, the Full Faith and Credit Clause permits the court to inquire into the foreign court's jurisdiction to render the judgment. *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). This obtains because a judgment rendered without jurisdiction is void, it is not entitled to recognition in any state, and it is subject to collateral attack. *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 839 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ Still, the scope of inquiry into a foreign court's jurisdiction is limited to whether questions of jurisdiction were fully and fairly litigated and finally decided by the court which rendered the original judgment. *Durfee v. Duke*, 375 U.S. at 111, 84 S.Ct. at 245. If so, the question of personal jurisdiction cannot be raised again in a Texas court, *Merritt v. Harless*, 685 S.W.2d 708, 710 (Tex.App.—Dallas 1984, no writ), and the foreign court's judgment is entitled to full faith and credit in the second court. *Id.; Mayhew v. Caprito*, 794 S.W.2d 1, 2 (Tex.1990).

■ By the application of these principles to the record made, the trial court properly refused to vacate the Pennsylvania judgment. Roark voluntarily entered the Pennsylvania court for the very purpose of contesting the questions of personal jurisdiction and validity of the foreign judgment. His contest was unsuccessful, and since he did not test the judgment in the Pennsylvania appellate process, he is concluded by the judgment, which is thereby entitled to full faith and credit. *Durfee v. Duke*, 375 U.S. at 111–12, 84 S.Ct. at 245.

The decision in *Bernard Gloeckler Co. v. Baker Co.*, upon which Roark relies, is inapposite and offers him no relief. There, the Texas court refused to give full faith

and credit to a Pennsylvania judgment, which was rendered pursuant to a confession-of-judgment provision in two notes, because the Pennsylvania court was without personal jurisdiction over the Texas defendant. Not only were the notes found to be a Texas contract performable in Texas, but, obviously, the question of personal jurisdiction was not fully and fairly litigated and decided by the Pennsylvania court. 52 S.W.2d at 914.

Accordingly, the judgment of the trial court is affirmed.