489 S.E.2d 671

**S.C. DEPARTMENT OF SOCIAL SERVICES, Respondent,**

v.

**Kenneth BESS, Appellant.**

**No. 2693.**

Court of Appeals of South Carolina.

Heard May 7, 1997.
Decided June 30, 1997.

John W. Harte, Aiken, for appellant.

Chief State Attorney Gale R. DuBose and Assistant General Counsel Eric S. Mohn, both of S.C. Department of Social Services, Columbia, for respondent.

HEARN, Judge:

Kenneth Bess appeals a family court order registering a Florida judgment against him for alimony, child support, and other costs in the total sum of $148,973.25.[1] We reverse and remand.

## FACTS

In October 1994, South Carolina's Department of Social Services (DSS) brought this action pursuant to the Uniform Interstate Family Support Act (UIFSA) to enforce a Florida judgment rendered against Bess in 1990. DSS served notice on Bess on January 27, 1995, of its intention to register this judgment. The relevant portion of the notice stated:

> The obligor has twenty (20) days after the mailing of the Notice of Registration in which to Petition the Family Court of Aiken County to vacate the registration or for further relief and to serve the attorney for Plaintiff.... If he does not so petition the Court, the support Order is confirmed.

The notice, which DSS mailed to Bess's place of employment in North Augusta, did not contain the amount of the arrearage and certain other information required by S.C.Code Ann. § 20–7–1140(B)(2) (Supp.1996).

Expiration of the statutory twenty-day limit to contest registration occurred on February 16, 1995. On April 10, Bess moved to vacate the registration of the Florida order, arguing that DSS's service of the petition for registration was

---

[1]. The judgment is comprised of $4,000 in medical and dental expenses, $62,040 in alimony arrearages and late penalties, $44,345.25 in child support arrearages and late penalties, and $38,588 in accrued interest on arrearages through March 15, 1990.

defective. Alternatively, Bess moved pursuant to Rule 60, SCRCP,[2] to vacate the order based upon his excusable neglect in not filing a response within twenty days. The motion stated Bess had a meritorious defense in that the Florida order was invalid for lack of personal jurisdiction because Bess was never served in the Florida action to reduce his support obligation to a judgment.

A hearing was scheduled for April 19, 1995, and continued until May 3, 1995. An order continuing the matter to May 24 stated that Bess was served with the Notice of Filing and Registration of Foreign Support Order and that "the issue of proper services [sic] and/or jurisdiction over [Bess] is hereby resolved." The order also stated: "On May 24, 1995, [Bess] shall be heard on his reasons for objection to the Registration of Foreign Support Order."

At the hearing on May 24, the trial judge stated he was without authority to "go behind" the Florida order. He did, however, allow both parties to brief that issue. Another hearing was held on July 19, 1995. During the hearing, the trial judge stated: "I reviewed your brief and I still have the same position, that this court does not have the authority, nor Mr. Bess, to attack the Florida decree. So that resolves that. The order is registered."

By written order dated August 2, 1995, the court held it did not have jurisdiction to hear arguments attacking the validity of the Florida judgment. It therefore confirmed the judgment and ordered Bess to continue to pay $300 per month toward the arrearage. Bess appeals from this order.

## LAW

UIFSA provides a mechanism to facilitate the interstate collection of child support. Under the Act, a registered order of another state has the same effect and is subject to the same procedures and defenses as an order of this State and may be

---

**2.** Although Bess's motion did not state which subsection of Rule 60, SCRCP, he relied on, his use of the phrase "excusable neglect" indicates the motion was based on Rule 60(b).

enforced in the same manner. S.C.Code Ann. § 20-7-1136(B) (Supp.1996).

A party contesting registration must request a hearing within twenty days after the date of mailing or personal service of notice of the registration. S.C.Code Ann. § 20-7-1142(A) (Supp.1996). The contesting party may seek to vacate the registration or to contest any aspect of the registered order, the remedies being sought, or the amount of any alleged arrears. *Id.* Failure to contest the validity or enforcement of the registered order in a timely manner results in confirmation of the order by operation of law. S.C.Code Ann. § 20-7-1142(B) (Supp.1996).

In contesting the validity of a foreign support order, the nonregistering party bears the burden of proving one or more enumerated defenses, including the issuing tribunal's lack of personal jurisdiction over the party contesting registration. S.C.Code Ann. § 20-7-1144 (Supp.1996). If the contesting party presents evidence of a full or partial defense, the court may stay enforcement of the registered order or continue the proceeding to permit production of additional relevant evidence. *Id.* If the party does not establish a defense, the registering tribunal shall confirm the order. *Id.*

## DISCUSSION

Bess asserts (1) the family court erred in refusing to consider his arguments concerning the validity of the Florida order and (2) the Florida order was obtained in violation of his due process rights. He argues that the Full Faith and Credit Clause of the United States Constitution requires that orders from sister states be valid before another state's court may afford them full faith and credit, especially such orders which violate due process for lack of personal jurisdiction. In support of his contention, he alleges improper service in the Florida action to reduce his support obligation to a judgment.

In this case, the trial judge found, based upon Bess's Rule 60, SCRCP, motion, that Bess should be afforded an opportu-

nity to be heard on his objections to registration of the Florida order even though he did not file a response within the twenty-day time period. Because there was no appeal from that order, it is the law of the case.[3] *Resolution Trust Corp. v. Eagle Lake & Golf Condominiums*, 310 S.C. 473, 475, 427 S.E.2d 646, 648 (1993) (holding a trial judge's unappealed procedural rulings become the law of the case).

At the hearings held following issuance of that order, the trial judge repeatedly stated his belief that he had no authority to look behind the Florida judgment. This holding is in direct contravention to S.C.Code Ann. § 20–7–1144, which allows a nonregistering party to assert specific enumerated defenses to registration of a foreign support judgment, including lack of personal jurisdiction by the issuing tribunal. Therefore, once Bess was granted the opportunity to contest registration outside the twenty-day period, it was error for the trial judge to rule he could not consider whether the Florida court had personal jurisdiction over Bess in issuing the judgment.

The order of the family court judge confirming registration is reversed and the matter is remanded to him to hold a hearing on Bess's objections to registration, including lack of personal jurisdiction by the issuing court.

**REVERSED AND REMANDED.**

CURETON and STILWELL, JJ., concur.

---

3. Since DSS did not appeal the order granting to Bess an opportunity to be heard on his objections to registration of the Florida judgment, we need not consider whether Rule 60(b), SCRCP, may be used to challenge the registration of a foreign support judgment under UIFSA where the non-registering party has failed to file notice of objections within 20 days.