cowan 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00237-CV







Robert Cowan, Appellant



v.



Nancy Moreno, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 93-15302, HONORABLE PAUL DAVIS, JUDGE PRESIDING








 This case involves an interstate child support enforcement proceeding. Nancy
Moreno sought Texas registration of a 1982 Colorado support order naming Robert Cowan as the
obligor. Cowan filed a petition to vacate the registration on the ground that the Colorado decree
is not a support "order" because it conditioned visitation rights on the payment of child support
rather than ordering him unconditionally to make child support payments. After a hearing on the
petition, the district court signed an order confirming registration of the Colorado support order
but expressly declining to rule on the decree's enforceability. (1) Cowan appeals this order by one
point of error, arguing that the trial court erred in denying his petition to vacate registration of a foreign support order because no support order had been presented to the
court. We will dismiss for want of jurisdiction because the order is not a final judgment.



DISCUSSION


 With certain exceptions, an appeal may be taken only from a final judgment of a
district or county court. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West 1986); North E.
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). A judgment is final when it
determines the rights of all parties and disposes of all issues in a case so that no future action by
the court is necessary to settle the entire controversy. Aldridge, 400 S.W.2d at 895; Wagner v.
Warnasch, 295 S.W.2d 890, 892 (Tex. 1956). 

 Cowan argues that the order is final because Moreno did not file a petition asking
for enforcement of the Colorado decree. He contends that the only issue before the court was the
registration of the support decree and that therefore the order confirming registration is final. We
disagree because both Moreno's and Cowan's pleadings raised the issue of the enforceability of
the order. 

 We initially decide whether the Revised Uniform Reciprocal Enforcement of
Support Act (RURESA) (2) or the Uniform Interstate Family Support Act (UIFSA) applies to the
registration of the Colorado judgment. Texas repealed RURESA effective September 1, 1993,
and concurrently enacted UIFSA. See Tex. Fam. Code Ann. §§ 21.01-.52 (West Supp. 1995); (3)
see also Act of May 8, 1993, 73d Leg., R.S., ch. 970, § 1, 1993 Tex. Gen. Laws 4212-35.
Cowan points out that the legislation enacting UIFSA provides: "This Act takes effect September
1, 1993, and applies only to an order, decree, or judgment entered on or after that date." Id. at
4235. Cowan argues that the UIFSA does not apply to this cause because the Colorado decree
was rendered on March 18, 1982. We disagree.

 UIFSA is designed to streamline and expedite interstate and intrastate enforcement
of support decrees. It addresses both the duties of the state that originally issues a decree, the
"issuing state," and the state in which the obligee seeks to enforce a decree, the "responding
state." Subchapter F of UIFSA addresses the Texas registration of foreign support orders when
Texas is the responding state; it does not address the rendition of another state's support order. 
Also, if the legislature had intended to apply UIFSA only to foreign support orders rendered after
September 1, 1993, it could have left RURESA in place or continued RURESA in effect (4) because
there would be a considerable time lag before foreign support orders rendered any time before
September 1, 1993 would be registered for enforcement. Finally, we note that the language in
section 16 is identical to the language used when RURESA was promulgated, which the legislature
later clarified by providing that, when Texas was the responding state, the effective date is the
date that the Texas court enters a judgment. (5) Since RURESA and UIFSA both serve the same
purpose--expedited and uniform enforcement proceedings--the same reasoning applies to section 16
of UIFSA. We conclude that with regard to Subchapter F, the date an order, decree, or judgment
was "entered" refers to the date that the Texas court enters its judgment. Since the Colorado
order was filed after UIFSA's effective date, the judgment entered in a UIFSA judgment and the
procedure for obtaining that judgment is UIFSA procedure. See Tex. Fam. Code Ann. § 21.36
(West Supp. 1995). In this case, since the documents were filed on December 15, 1993, UIFSA
applies.

 We next consider whether enforcement of the decree was an issue in the
confirmation proceeding. Moreno filed a standardized Uniform Reciprocal Enforcement of
Support Act ("URESA") petition to register the support decree. Cowan claims that Moreno did
not raise the issue of enforcement because she did not file a "motion to enforce" the decree as is
necessary to initiate the enforcement of Texas support orders. (6) See Tex. Fam. Code Ann. § 14.31
(West Supp. 1995). We disagree. 

 Texas Family Code section 21.23 provides that the petition to establish (7) a support
order must conform substantially with the requirements imposed by the forms mandated by federal
law for use in cases filed by a support enforcement agency. Since neither party disputes this, we
assume Moreno's standardized petition met the requirements of section 21.23.

 Texas Family Code section 21.36(a) requires the submission of particular
documents to register an order for enforcement in this state, including a letter of transmittal
requesting registration and enforcement. On pages one and two of the uniform support petition,
Moreno indicated by checking a preprinted box that she requested the collection and payment of
arrears. Section 21.36(c) further provides that a "petition or comparable pleading seeking a
remedy that must be affirmatively sought under other law of this state may be filed at the same
time as the request for registration or later." Tex. Fam. Code Ann. § 21.36(c) (West Supp. 1995)
(emphasis added). The commissioners' comment to the analogous uniform provision notes that
"the authorization of a later request contemplates that interstate pleadings may be liberally
amended to conform to local practice." (8) Uniform Interstate Family Support Act § 603, Comment,
9 U.L.A. 126, 157 (Supp. 1994). Moreno has indicated that she seeks the payment of arrears;
should Texas law require a particular petition or form to initiate a remedy, she could amend her
petition to include such a document. As it is, her petition suffices to raise the issue of
enforcement of arrearages. (9) 

 Moreover, although Cowan characterizes his petition to vacate registration as a
challenge to the existence of a support decree, the trial court order characterized it as an argument
regarding enforcement of the decree. We agree with the trial court's conclusion. A support order
is a "judgment, decree, or order, whether temporary, final, or subject to modification, for the
benefit of a child, a spouse, or a former spouse, that provides for monetary support, health care,
arrearages, or reimbursement . . . ." Tex. Fam. Code Ann. § 21.01(21) (West Supp. 1995). The
document the State seeks to register is a Colorado decree that provides:



And it is further ordered, adjudged, and decreed by the court that . . . [Cowan]
shall [have] visitation rights conditioned upon his making child support payments
of $100.00 per week to [Moreno] payable weekly beginning March 28, 1982.




The order, on its face, appears to be a valid order of a Colorado court. Under the Full Faith and
Credit Clause, the introduction of a facially valid order of a foreign court creates a prima facie
case for its proponent. Mitchim v. Mitchim, 518 S.W.2d 362, 364 (Tex. 1975). A facially valid
order may be challenged only on limited grounds such as a lack of personal jurisdiction by the
issuing court, or some procedural defect that would render the decree void. Id.; Nunez v. Nunez,
771 S.W.2d 7, 9 (Tex. App.--San Antonio 1989, no writ); O'Halloran v. O'Halloran, 580
S.W.2d 870, 873 (Tex. Civ. App.--Texarkana 1979, no writ). The party challenging the decree
bears the burden of proving that the judgment is void. (10) Mitchim, 518 S.W.2d at 364. Cowan did
not raise any jurisdictional or procedural defects. "There is no defense . . . to the registration of
a valid foreign support order." UIFSA § 606, Comment, 9 U.L.A. 126, 160 (Supp. 1994). Since
the order is a "decree . . . for the benefit of a child . . . that provides for monetary support," the
order is a "support order" contemplated by UIFSA.

 Basically, Cowan's pleading asserts that some or all of the asserted arrearages did
not accrue because he did not exercise his visitation rights. This issue relates to the enforceability
rather than to the existence of the support order.

 A judgment or order that expressly reserves an issue for later adjudication is
interlocutory. Wilcox v. St. Mary's Univ. of San Antonio, Inc., 501 S.W.2d 875, 876 (Tex.
1973); Angerstein v. Angerstein, 389 S.W.2d 519, 521 (Tex. Civ. App.--Corpus Christi 1965, no
writ). Moreno's standardized URESA pleading indicates that she desires the collection of arrears
and Cowan's own motion challenges the enforceability of the order. Accordingly, the issue must
be resolved before the decree is final. See Zellers v. Barthel, 727 S.W.2d 364, 366 (Tex.
App.--Fort Worth 1987, no writ) (order granting wife's motion to increase child support not final
since it expressly did not dispose of issue of visitation raised in husband's response to motion). 
 

 Cowan argues that any enforcement issues need not be resolved now, relying on
cases involving decrees which were held to be final and appealable even though the judgment
contemplated that a separate action might be taken for enforcement. See Ferguson v. Ferguson,
338 S.W.2d 945, 947 (Tex. 1960). In those cases, the substantive rights of the parties had been
settled and the only issue was enforcement. Here, the court expressly declined to rule on the
merits of the petition and left unsettled the amount of accrued arrearages; (11) there are no liquidated
damages that can be reduced to judgment. (12)

 Accordingly, we dismiss the appeal for lack of jurisdiction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Dismissed

Filed: July 12, 1995

Publish 
1.   The order reads:

 

The Court does not rule on the issue of enforceability of the order as raised by
paragraph I. of the PETITION TO VACATE THE REGISTRATION OF
FOREIGN SUPPORT ORDER filed by Obligor.
2.   Revised Uniform Reciprocal Enforcement of Support Act, 70th Leg., 2d C.S., ch. 49,
sec. 1, 1987 Tex. Gen. Laws 145 - 52 (Tex. Fam. Code Ann. §§ 21.01-.43, since repealed).
3.   The Uniform Interstate Family Support Act was recodified effective April 20, 1995 by
H.B. 655. See Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 159.001-.902, 1995 Tex.
Sess. Law Serv. 113, 195-208 (to be codified at Tex. Fam. Code Ann. §§ 159.001-.902). 
H.B. 655 provides: "The change in law made by this Act does not affect a proceeding under
the Family Code pending on the effective date of this Act. A proceeding pending on the
effective date of this Act is governed by the law in effect at the time the proceeding was
commenced, and the former law is continued in effect for that purpose." Id. § 3. Therefore,
we will analyze this cause under the prior codification of UIFSA.
4.  Consider, for example, section 3 of H.B. 655, which provides that the former law "is
continued in effect" because it applies to pending proceedings. Act of Apr. 6, 1995, 74th
Leg., R.S., ch. 20, § 159.001-.902, 1995 Tex. Sess. Law Serv. 113, 195-208 (to be codified
at Tex. Fam. Code Ann. §§ 159.001-.902).
5.   RURESA originally provided that, "This Act takes effect November 1, 1987, and applies
only to an order, decree, or judgment entered on or after that date." URESA, 70th Leg., 2d
C.S., ch. 49, sec. 2, 1987 Tex. Gen. Laws 145, 158. In 1991, the legislature clarified that:

 

The amendment to Chapter 21, Family Code, made by Chapter 49, Acts of the
70th Legislature, 2d Called Session, 1987, applies to an order, decree, or
judgment entered before, on, or after November 1, 1987, except that, if the court
entering the order, decree, or judgment is a court of this state acting as the
responding court, the amendment applies only to an order, decree, or judgment
entered on or after November 1, 1987.


Act of May 26, 1989, 71st Leg., R.S., ch. 371, § 9, 1991 Tex. Gen. Laws 1462, 1466
(emphasis added).
6.   Section 21.37(b) provides that a "registered order issued in another state is enforceable
in the same manner and is subject to the same procedures as an order issued by a tribunal of
this state." Tex. Fam. Code Ann. § 21.37(b) (West Supp. 1995).
7.   Although § 21.23 only refers to a petition to "establish" a support decree, we believe
that the section applies to petitions to register an existing foreign support order as well as
petitions seeking to establish an original order. First, § 21.23 is in Subchapter C, which
contains the civil provisions of general application. See Tex. Fam. Code Ann. § 21.13(a)
(West Supp. 1995) ("Except as otherwise provided in this chapter, this subchapter applies to
all proceedings under this chapter."). Second, it refers to the "obligor," a term that applies
both to a person who owes a duty of support and a person who is liable under a support order. 
See id. § 21.01(13). Finally, the comments to the uniform section declare that it "establishes
the basic requirements for the drafting and filing of interstate pleadings." UIFSA § 311,
Comment, 9 U.L.A. 126, 147 (Supp. 1994). 
8.   The intent of the drafters of the uniform bill is not binding but is highly persuasive
because the Texas Legislature provided that UIFSA "shall be applied and construed to
effectuate its general purpose to make uniform the law with respect to the subject of this
chapter among states enacting it." Tex. Fam. Code Ann. § 21.50 (West Supp. 1995).
9.   The drafters of UIFSA discussed the possibility of registration without a concurrent
request for enforcement, which they termed "registration for the fun of it." See John J.
Sampson, Uniform Interstate Family Support Act and Unofficial Annotations, 27 Fam. L. Q.
93, 151 n.126 (1993). Theoretically, one could register a decree even if there is no arrearage.
Id. The drafters of the uniform rules wrote: "Although registration not accompanied by a
request for affirmative relief is not prohibited, the Act does not contemplate registration as
serving a purpose in itself." UIFSA § 601, Comment, 9 U.L.A. 126, 156 (Supp. 1994). 
Ultimately, the drafters of UIFSA did not explicitly recognize registration without a
concurrent request for enforcement, although they consider that possibility open. Id. 
Moreno's petition does not suggest that she is registering for any purpose other than
enforcement.
10.  Cowan argues that in a standard full faith and credit inquiry the burden would be on the
proponent of a foreign order to prove that the order is valid, and that registration under
UIFSA shifts the burden of proof to him to prove that the order is void. Cowan is mistaken;
the burden of proving the order void always rests on the person opposing recognition of a
foreign order. See Mitchim v. Mitchim, 518 S.W.2d 362, 364 (Tex. 1975); First Nat'l Bank v.
Rector, 710 S.W.2d 100, 103 (Tex. App.--Austin 1986, writ ref'd n.r.e.).
11.  The Colorado agency that initiated this proceeding asserted arrearages due of
$109,613.45 based on information Moreno supplied. However, due process requires that the
amount of arrearages, if challenged, must be adjudicated by a registering state that has
personal jurisdiction over the obligor. See Sampson, supra at 151 n.126. Therefore, Cowan
may challenge the amount of the arrearages by interposing any of the applicable defenses in
Texas Family Code section 21.41(a). 
12.  The trial court's order states that it confirms only registration. UIFSA does not
expressly authorize a proceeding in which registration rather than the order is confirmed. 
Under UIFSA, an order is registered when the order is filed with the registering tribunal. 
Tex. Fam. Code Ann. § 21.37(a), (b) (West Supp. 1993). A party contesting either the
validity or enforcement of a registered order must request a hearing within twenty days after
the date of service of notice of the registration. Tex. Fam. Code Ann. § 21.40(a) (West Supp.
1995). And, at the hearing, the party contesting either the validity or enforcement of an order
has the burden of proving certain enumerated defenses. Id. § 21.41(a). The registering
tribunal confirms the order, if, after notice and hearing, it finds that the nonregistering party
did not establish a defense to either the validity or enforcement of the order. Id. § 21.41(c). 
Finally, UIFSA contains a type of "limitations" provision that RURESA did not: under
UIFSA, "Confirmation of a registered order, whether by operation of law or after notice and
hearing, precludes further contest of the order with respect to any matter that could have been
asserted at the time of registration." Id. § 21.42 (emphasis added). The matters that could
have been asserted at the time of registration are the defenses listed in § 21.41(a). Id. §
21.41(a)(1)-(7).

 In sum, the nonregistering party may, if it acts within 20 days of the notice of
registration, seek to vacate the registration, assert any defense to an allegation of
noncompliance, or contest the remedies being sought or the amount of any alleged arrearages. 
See id. § 21.40(a), 21.41(a)(1)-(7). Confirmation of the order precludes further contest of any
of those matters. Id. § 21.42; see also UIFSA § 608, Comment, 9 U.L.A. 126, 162 (Supp.
1994) (disapproving of holding in In re Marriage of Chapman, 252 Cal. Rptr. 359 (Cal. Ct.
App. 1988), in which the court, interpreting RURESA, held that only terms of support order,
and not amount of arrearages, had been confirmed by confirmation order).