In the Interest of G.L.A., Jr., E.L.A., and R.R.A.

No. 09–05–178 CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 15, 2005.

Decided June 15, 2006.

Gary A. Beahm, San Antonio, for appellant.

Jay Brandon, San Antonio, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

In this ongoing child support dispute, we must decide whether the trial court may decline jurisdiction to enforce an out-of-state support order. We decide that it may not under the circumstances presented here. We reverse the trial court's order declining jurisdiction and remand the case to the trial court for further proceedings consistent with the opinion.

### Background

In 1999, Gregory Lee Alexander and Karen Ellen Mullins, formerly known as Karen Ellen Alexander, obtained a divorce in Maryland. The divorce decree ordered Gregory to pay monthly child support.[1]

---

1. The decree's relevant language states:

   The Defendant shall pay as child support, $1,775.00 per month as follows:
   1. $1,200[ ].00 per month shall be paid directly to the Plaintiff; and

2. The monthly payment on the Ford Expedition truck in the approximate amount of $570.00 shall be paid to the lienholder by the Defendant;

3. Upon the final payment for the Ford Expedition truck, the Defendant shall

After the divorce, Karen moved to San Jacinto County, Texas. Gregory, who was on active duty with the United States Air Force, was transferred to Germany and fell behind in his payments. Subsequently, Karen registered the Maryland decree in San Jacinto County and filed a motion to enforce it.

In September 2002 the Texas trial court granted Karen's motion to enforce the child support order. The court entered a default judgment against Gregory. In part, the trial court ordered the withholding of all arrearages and current child-support amounts from Gregory's earnings. The order also required Gregory's child visitation to occur in San Jacinto County, Texas. However, in December 2002, the trial court granted Gregory's motion for new trial.

In August 2003 the trial court heard Gregory's request for the court to decline jurisdiction over Karen's claims. Karen's counsel argued that she had filed a motion for enforcement, not modification. Karen's counsel further asked the court to take judicial notice of its files, which included a certified copy of the Maryland divorce decree providing for child support. On November 5, 2003, the trial court entered an order entitled "Order on Motion for Enforcement." The trial court found that Maryland was the more appropriate forum and it declined to exercise jurisdiction over the case.

After the trial court declined to exercise jurisdiction, Karen appealed to this Court. Gregory responded that we lacked jurisdiction because the trial court's order was interlocutory and not appealable. We agreed with Gregory's argument and dismissed Karen's appeal. *In re G.L.A.*, No. 09–04–00055–CV, 2004 WL 1472818, at *1 (Tex.App.-Beaumont July 1, 2004, no pet.).

Subsequently, in January 2005, Karen filed a motion entitled "Motion For Status Hearing and Temporary Orders." Karen's motion alleged that the Maryland trial court stayed Gregory's motion to modify child custody pending further order from the Texas court. Gregory denied the allegations in Karen's motion and asserted that Karen had no motion to modify access and possession pending before the Texas court. Gregory stated, "The only motion pending before this Court is a motion for enforcement of child support." Gregory also asked the court to dismiss all pending pleadings.

In February 2005 the Texas court heard Gregory's motion to dismiss all pending pleadings. Karen's attorney explained to the court that his client had two motions pending—one for enforcement of child support and a second for custody—and requested sufficient time to reargue the enforcement action. Gregory's counsel replied that the court had already determined that the Maryland court, not the Texas court, should hear the motion to enforce. Gregory's counsel stated:

> There is a Maryland child support order because the judge did exercise jurisdiction there to modify child support because my client retired from the military and the oldest son turned 18 and went to live with him. I'm asking this Court to dismiss so that it will be final here so that the Maryland judge can rule on the back child support issue which he seems prepared to do.

Karen's attorney again reminded the trial court that one aspect of the case was the enforcement issue. Gregory's attorney asserted that the Maryland court would rule if the Texas court dismissed the cause. Karen's attorney argued that the transcript of the hearing before the Maryland

pay $1,775.00 per month directly to the Plaintiff.

court showed that it was up to the Texas court to decide if it wanted to decide the back child support issue.

While expressing hesitation about how to resolve the case,[2] the trial court granted Gregory's motion to dismiss and entered its order entitled "Final Order on Motion to Dismiss All Pending Pleadings." The order stated, in pertinent part: "The Court finds that Texas is an inconvenient forum for the resolution of the issues pled by Petitioner, and that a court of competent jurisdiction in Maryland had retained jurisdiction of this case. In these circumstances, IT IS ORDERED that this cause is DISMISSED." Karen filed a motion for new trial claiming she is entitled to enforce the Maryland child support order in Texas.

### Waiver

We consider Gregory's waiver argument, which is a dispositive question, before we review Karen's issues. In his appellate brief, Gregory argues that Karen did not preserve her claims for appellate review. In particular, he contends that her brief contains no citations to the record and further, that she did not comply with Texas Rule of Appellate Procedure 33.1(a).

■ As to Gregory's "no record cites" argument, the brief's statement of facts contains sufficient record cites to acquaint us with the issues. *See* TEX.R.APP. P. 38.9 (providing that briefing rules are construed liberally). We find that Karen has not waived her appellate claims because of any alleged insufficiencies of her brief.

■ Rule 33.1, the other basis for Gregory's waiver argument, establishes the prerequisites for preserving an appellate com-

plaint. TEX.R.APP. P. 33.1. To preserve a point for appellate review under subsection (a) of the Rule, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity (unless the grounds are apparent from the context), obtain a ruling on the complaint, and comply with the rules of evidence or procedure. *See* TEX.R.APP. P. 33.1(a). In addition, subsection (b) provides that "[i]n a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court."

Here, Karen filed a motion for new trial asserting her right to enforce the Maryland child support order in Texas. She further alleged that the trial court erred in determining that it "did not want this case" and by not enforcing the child support order. Karen's motion cited Chapter 158 of the Family Code and various sections of Chapter 159. Her motion specifically included section 159.603, which requires the trial court to enforce a registered order if the issuing court had jurisdiction. *See* TEX. FAM.CODE ANN. § 159.603(c) (Vernon 2002).

We find that Karen "stated the grounds for the ruling [she] sought ... with sufficient specificity to make the trial court aware of the complaint...." TEX.R.APP. P. 33.1(a)(1)(A). Because the record contains no written order determining Karen's motion, we consider it as overruled by operation of law. *See* TEX.R. CIV. P. 329b(c) (providing that a motion for new trial is overruled by operation of law if the trial

---

**2.** In response to Karen's contention that the Maryland court would not object to the Texas court's assertion of jurisdiction, the trial court stated: "All right. I don't know. So, I'm going to ... sign your Motion to Dismiss."

court has not entered a written order signed within seventy-five days after it signed the judgment). Under our rules, a new trial motion overruled by operation of law preserves a complaint a party made in the motion for our review. *See* Tex.R.App. P. 33.1(b). We find that Karen preserved her complaints for appellate review.

## Issues

Karen raises two appellate issues. In the first, she contends the trial court erred when it refused to enforce the Maryland support order. In the second, Karen maintains the trial court abused its discretion by determining that Texas is an inconvenient forum. We consider the two issues together.

## Applicable Law

Initially, the Uniform Interstate Family Support Act ("Act" or "Family Support Act") appears to be controlling. By the late 1990's, Texas and all other states had adopted the Act, which is codified in Texas as chapter 159 of the Texas Family Code. *See* Tex. Fam.Code Ann. §§ 159.001–.901 (Vernon 2002 & Supp.2005); *In re B.C.*, 52 S.W.3d 926, 928 (Tex.App.-Beaumont 2001, no pet.); John J. Sampson, et al., Sampson & Tindall's Texas Family Code Annotated, ch.159, intro. cmt. at 753 (15th ed.2005).

The Act "is designed to streamline and expedite interstate and intrastate enforcement of support decrees." *Cowan v. Moreno*, 903 S.W.2d 119, 121 (Tex.App.-Austin 1995, no writ).

Further, both of the parties and the trial court relied on the Family Support Act. Karen registered the Maryland support order pursuant to section 159.602. Tex. Fam.Code Ann. § 159.602 (Vernon Supp. 2005). In her motion for new trial, Karen also cited various provisions of the Act. In his response to Karen's motion for new trial, Gregory maintained that the Act required the trial court to apply Maryland law in determining the arrearage. Further, the trial court relied on section 159.201 to decline jurisdiction.[3]

The Act provides that a party may register an out-of-state support order or income-withholding order in this state for enforcement. Tex. Fam.Code Ann. § 159.601 (Vernon 2002). Further, registration of another state's support order occurs when the registering party files the order with this state's registering tribunal, which enforces the order just as if a Texas court originally issued it.[4] *Id.* § 159.603. A party contesting the validity or enforcement of a registered order or seeking to vacate the registration must prove one or

---

**3.** In its Conclusions of Law, the trial court explained:

> The Uniform Family Support Act holds that a court of this state may exercise jurisdiction to enforce a foreign judgment. Texas Family Code Section 159.201. However, the court is not required to exercise jurisdiction. This Court declines to exercise jurisdiction in this case, for the factual reasons given above. Therefore this Court ordered this case dismissed, so that the court in Maryland may act.

**4.** Texas cases have recognized that the enforcement language of section 159.603 is mandatory under other facts. *See Cowan v. Moreno*, 903 S.W.2d 119, 124 n. 12 (Tex.App.-Austin 1995, no pet.) (noting that trial court

must confirm order when nonregistering party does not establish one of enumerated defenses) (citations omitted); *In re T.J.*, No. 12–03–00331–CV, 2005 WL 588875, at *7 (Tex. App.-Tyler March 14, 2005, no pet.) (finding trial court erred by failing to confirm Michigan support order as contesting party failed to establish a defense under section 159.607). Further, other jurisdictions, such as Washington, South Carolina, and North Carolina, also recognize that the Family Support Act's enforcement provisions are mandatory. *See In re Marriage of Erickson*, 98 Wash.App. 892, 991 P.2d 123 (2000); *Badeaux v. Davis*, 337 S.C. 195, 522 S.E.2d 835 (S.C.Ct.App.1999); *Welsher v. Rager*, 127 N.C.App. 521, 491 S.E.2d 661 (1997).

more of certain specified defenses. Tex. Fam.Code Ann. § 159.607(a) (Vernon Supp. 2005).[5] If the contesting party does not establish an enumerated defense, the statute requires the registering tribunal to confirm the order. *Id.* at (c). When a party has registered the order properly in Texas and the party contesting the order does not establish a defense under section 159.607(a), then the Act requires the trial court to enforce the support order. *See* Tex. Fam.Code Ann. §§ 159.603, 159.607.

However, the enforcement provisions of sections 159.603 and 159.607 do not apply in all circumstances. *See* Tex. Fam.Code Ann. § 159.210. With certain limited exceptions, subchapters D–H[6] of the Act— the subchapters containing the enforcement provisions—do not apply to a Texas tribunal that is:

> exercising personal jurisdiction over a nonresident in a proceeding under this chapter or under other law of this state relating to a support order or recognizing a support order of a foreign country or political subdivision on the basis of comity. The tribunal shall apply the procedural and substantive law of this state in a proceeding described by this subsection.

*Id.*

■ In the case before us, Gregory submitted to the jurisdiction of the trial court.

When Gregory filed a pro se motion to dismiss Karen's enforcement motion without first filing his special appearance, he made a general appearance in the case. *See* Tex.R. Civ. P. 120a(1); *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 201 (Tex.1985) (recognizing that Rule 120a is a limited exception to general Texas rule that appearance for any purpose subjects defendant to court's jurisdiction). Thus, under Family Code section 159.201, the trial court acquired personal jurisdiction over Gregory in this cause. *See* Tex. Fam. Code Ann. § 159.201(a)(2) (providing, in part, that a nonresident individual submits to the court's jurisdiction by entering a general appearance).

By applying Texas procedural and substantive law, we conclude that the trial court erred in declining jurisdiction to enforce the Maryland support order. A party seeking to enforce a support order may use procedures other than those established by the Family Support Act. *See* Tex. Fam.Code Ann. § 159.104. The Act's remedies "are cumulative and do not affect the availability of remedies under other law...." *Id.* at (a).

■ The United States Constitution requires each state to give full faith and

---

**5.** The specified defenses are: (1) the issuing tribunal lacked personal jurisdiction over the contesting party; (2) the registering party obtained the order by fraud; (3) a later order has vacated, suspended, or modified the registered order; (4) the issuing tribunal has stayed the order pending appeal; (5) there is a defense under the law of this state to the remedy sought; (6) the contesting party has made full or partial payment; (7) the statute of limitation precludes enforcement of some or all of the arrearages; or (8) the alleged controlling order is not the controlling order. Tex. Fam.Code Ann. § 159.607(a) (Vernon Supp.2005).

**6.** Subchapters D–H are entitled as follows: D (Civil Provisions of General Application); E (Establishment of Support Order); F (Enforcement of Order of Another State Without Registration); G (Registration, Enforcement, and Modification of Support Order); H (Determination of Parentage).

The limited exceptions allow the trial court to: (1) receive evidence from another state as provided by Section 159.316; (2) communicate with a tribunal of another state as provided by Section 159.317; and (3) obtain discovery through a tribunal of another state as provided by Section 159.318. *Id.* § 159.210(b).

credit to every other state's public acts, records, and judicial proceedings. U.S. Const. art. IV, § 1; *see Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 794 (Tex.1992). Thus, a Texas court must recognize a properly proven judgment from another state and must give the judgment "effect coextensive with that to which it is entitled in the rendering state." *Id.* Moreover, Congress enacted the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), which specifically requires states to give full faith and credit to child support orders from other states. 28 U.S.C.A. § 1738B (West Supp.2005). The FFCCSOA requires each state to enforce a child support order from another state and to refrain from modifying a child support order from another state. *Id.* § 1738B(a).

■ Under the Full Faith and Credit Clause of the United States Constitution, Texas law recognizes that the introduction of a facially valid foreign order creates a prima facie case for its recognition and enforcement. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975); *In re B.T.T.,* 156 S.W.3d 612, 614–15 (Tex.App.-San Antonio 2004, no pet.); *Villanueva v. Office of the Atty. Gen.,* 935 S.W.2d 953, 954–55 (Tex.App.-San Antonio 1996, writ denied). When a judgment is properly authenticated and admitted into evidence, the party opposing it must prove that the judgment is not entitled to full faith and credit. *Mitchim,* 518 S.W.2d at 364. The opponent may challenge a facially valid order "only on limited grounds such as a lack of

personal jurisdiction by the issuing court, or some procedural defect that would render the decree void." *Cowan,* 903 S.W.2d at 123.

Gregory presented no challenge to the issuing court's jurisdiction and did not claim the decree was void. Instead he argued that Texas was an inconvenient forum for enforcement of the Maryland support order. Also at oral argument, Gregory's attorney insisted that the trial court had a common-law right to dismiss Karen's suit under the forum non conveniens doctrine. Assuming without deciding that the forum non conveniens doctrine may apply in some child support enforcement proceedings, we find in this case that the trial court may not rely on the doctrine to decline jurisdiction as explained below.[7]

■ "The doctrine of forum non conveniens is an equitable doctrine exercised by courts to resist imposition of an inconvenient jurisdiction on a litigant, even if jurisdiction ... would not violate due process. A trial court will exercise the doctrine of forum non conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum." *Sarieddine v. Moussa,* 820 S.W.2d 837, 839–40 (Tex.App.-Dallas 1991, writ denied).

■ In determining whether to dismiss a suit on the grounds of forum non conveniens, a court considers such factors as: (1) the litigant's own interests in such matters as which forum would provide ea-

---

7. We note that the Family Support Act does not contain a forum non conveniens provision. *See* TEX. FAM.CODE ANN. §§ 159.001–.901 (Vernon 2002 & Supp.2005). In contrast, the Uniform Child Custody Jurisdiction And Enforcement Act (enacted in Texas as Family Code sections 152.001–.317) specifically allows a trial court to exercise its discretion in applying the forum non conveniens doctrine in child custody cases. *See* TEX. FAM.CODE ANN. § 152.207(a) ("A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.").

siest access to sources of proof; (2) the cost of obtaining the presence of witnesses; (3) the availability of process to compel the attendance of unwilling witnesses; and (4) such factors of public interest as (a) administrative problems and docket congestion resulting from transfers of cases to metropolitan centers, and (b) concerns involving the courts of one state applying foreign law, particularly when the foreign law so differs from the law of the forum that the courts of the forum would find it difficult or impossible to administer and enforce the foreign law. *See Flaiz v. Moore,* 359 S.W.2d 872, 874–75 (Tex.1962). Unless the balance of factors strongly favors the defendant, the plaintiff's choice of forum should rarely be disturbed. *Sarieddine,* 820 S.W.2d at 840.

While the trial court's fact-findings determine that the Maryland court would be better able to interpret its own divorce decree, the court did not find that differences between Maryland's law and Texas's law would make the support order difficult or impossible to administer and enforce. The trial court's findings do not address the "administrative difficulties" factor of the forum non conveniens doctrine. Other factors not addressed in the fact-findings are: (1) access to sources of proof; (2) cost of obtaining the presence of witnesses; and (3) availability of process.

At the hearing on his motion to decline jurisdiction, Gregory did not show that the balance was "strongly" in his favor. Rather the parties elicited no evidence that related to the "forum non conveniens" doctrine. Gregory's attorney called no witnesses and introduced no exhibits. Gregory testified that he resided in Maryland. On cross-examination by Gregory's attorney, Karen testified that she received her divorce in Maryland and though she had resided in Maryland, she always claimed Texas as her residence. Karen's counsel called Gregory to testify and established that Gregory had once been a Fort Worth resident, once owned a home in Fort Worth, attended T.C.U., and voted in Fort Worth in the past.

We find that Gregory failed to proffer evidence to support the public and private factors necessary to justify the trial court's declining jurisdiction based on common law forum non conveniens. A trial court abuses its discretion when there is no evidence to support its ruling. *See Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex.1989); *D.N.S. v. Schattman,* 937 S.W.2d 151, 155 (Tex.App.-Fort Worth 1997, orig. proceeding); *Van Winkle–Hooker Co. v. Rice,* 448 S.W.2d 824, 828 (Tex.Civ.App.-Dallas 1969, no writ) (holding that dismissal based on forum non conveniens was an abuse of discretion in absence of evidence other than plaintiff's non-residence in Texas).

■ Thus, we sustain issues one and two. We find that when a party requests enforcement of a facially valid child support order from another state, the trial court must enforce the order as required by the Full Faith and Credit Clause of the United States Constitution. Accordingly, we reverse the trial court's final order and remand this cause with instructions that the order of dismissal be set aside and the cause be reinstated on the court's docket for further proceedings consistent with this opinion.[8]

REVERSED AND REMANDED.

---

8. We are confident that the trial court will

avail itself of the Act's provisions allowing

Appellant, Darrell Jerome Holt, appeals his conviction for driving while intoxicated. communications between tribunals to obtain information from the Maryland trial court concerning Maryland's laws, the legal effects of any Maryland judgment, decree, or order, and the status of any Maryland proceedings. *See* TEX. FAM.CODE ANN. § 159.317. We anticipate that the communications between the courts that are contemplated by the Family Code will allow the trial court to coordinate its efforts with the Maryland court and assist in the resolution of this matter.