82 A.3d 850

**Karen Ellen ALEXANDER, a/k/a Karen Ellen Mullins**

v.

**Gregory Lee ALEXANDER.**

**No. 125, Sept. Term, 2005.**

Court of Appeals of Maryland.

Dec. 30, 2013.

Patrick R. Hudson, Waldorf, MD, for appellant.

No argument on behalf of appellee.

Argued before *BELL, C.J., *RAKER, *WILNER, * CATHELL, HARRELL, BATTAGLIA, GREENE, JJ.

PER CURIAM ORDER.

WHEREAS, a Judgment of Absolute Divorce was entered by the Circuit Court for Charles County on December 20, 1999, providing, among other things, for sole custody of the parties' three children to Mrs. Alexander, with specified visitation to Mr. Alexander;

WHEREAS, the parties changed their respective residences during the pendency of the divorce action in Maryland, Mrs. Alexander (with the children) to Texas and Mr. Alexander to Delaware ultimately;

WHEREAS, the parties continued thereafter to litigate aspects of the provisions of the Maryland divorce decree in both Maryland and Texas (the latter commencing in 2002,

---

* Bell, C.J.; Raker, Wilner, and Cathell, JJ., now retired, participated in the hearing and conference of this case while active members of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, they also participated in the decision in this case.

after the Maryland divorce decree was registered there), including (upon motion of Mr. Alexander) an ex parte order of August 8, 2005, entered by the Circuit Court for Charles County holding Mrs. Alexander in contempt of the December 20, 1999, Maryland judgment for failure to transport the children from Texas to the BWI–Marshall Airport in Maryland so that Mr. Alexander could collect them and take them to Delaware for visitation purposes;

WHEREAS, Mrs. Alexander appealed the contempt determination, which is the subject of the present case, on the basis that both parties resided outside of Maryland since 1998 and had submitted voluntarily their disputes to the jurisdiction of the Texas courts by recording the Maryland divorce decree and litigating its enforcement there, thus rendering the Circuit Court for Charles County without jurisdiction to enter the ex parte contempt order on August 8, 2005; and

WHEREAS, Mrs. Alexander, through counsel, pursued this appeal of the contempt order by brief and argument in this Court, without any participation by Mr. Alexander;

Now, THEREFORE, it is this 30th day of December 2013, by the Court of Appeals,

ORDERED SUMMARILY, that the contempt order of the Circuit Court for Charles County, dated August 8, 2005, in *Alexander v. Alexander,* Case No. C–98–2181, is hereby vacated. The underlying Petition for Contempt, in view of *In the Interest of G.L.A., Jr., E.L.A., and R.R.A.,* 195 S.W.3d 787, 791–93 (Tex.App.2006) (holding that, where the former wife, a resident of Texas, registers a divorce decree issued by a court in Maryland, where the parties were residing when the decree was issued, and asks for its enforcement, and the former husband voluntarily submits to the jurisdiction of the Texas court, "the [Texas] trial court must enforce the order as required by the Full Faith and Credit Clause of the United States Constitution"); Maryland Code (2004, 2012 Repl.Vol.) §§ 9.5–201(a) and 9.5–206(a) of the Family Law Article, was moot. Moreover, because the Petition for Contempt was filed by Appellee and the order finding Appellant in contempt was

entered by the court after the parties and their children were no longer residents of the State of Maryland (the mother and children being residents of Texas and the father of Delaware), the Circuit Court was without jurisdiction to enter it. *See Harris v. Melnick,* 314 Md. 539, 554, 552 A.2d 38 (1989), and cases cited therein (noting that "Courts generally give the decree-rendering state a strong presumption of continuing modification jurisdiction until all or almost all connection with the parents and the child is lost"); Uniform Child Custody Jurisdiction & Enforcement Act § 202 cmt. 2, 9 U.L.A. 673 (1999) ("Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State.").