In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO.  09-14-00064-CV

IN THE INTEREST OF T.F. AND T.F.

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 13-10-10637 CV

## MEMORANDUM OPINION

P.F. (Father), the father of T.F. and T.F. (the children), appeals the trial court's order dismissing Father's suit for enforcement of a Louisiana child support order against Father's ex-wife, D.W., (Mother), the children's mother. We conclude that the trial court erred in dismissing the case for lack of jurisdiction, and we reverse and remand.

### UNDERLYING FACTS

On October 3, 2013, Father filed his "Motion for Enforcement and to Determine Cumulative Child Support Arrears." Seven days later, Father filed his

"1st Amended Motion for Enforcement and to Determine Cumulative Child Support Arrears and Notice of Filing of Foreign Judgment." In his amended motion to enforce, Father seeks to recover from Mother a portion of the out-of-pocket medical expenses and he argues he was entitled to receive reimbursement from Mother pursuant to a child support modification order entered in Louisiana in 2010. In his amended motion Father stated the court has jurisdiction "as per Tex. Fam. Code § 159.611. Personal jurisdiction over the respondent is had per Tex. Fam. Code §159.201(6). . . ." Father also states in the amended motion that the "cumulative total costs of Respondent's share of said expenses . . . is approximately $11,368.54." Exhibits to the amended motion include a copy of a 2010 Louisiana child support modification order, a copy of the prior 2006 Louisiana judgment addressing custody and child support, and other documentation regarding the children's medical expenses allegedly not covered by insurance and paid by Father.

On the same day that he filed his amended motion to enforce, Father filed a "Proof of Mailing and Filing of Notice of Foreign Judgment and Affidavit of Last Known Addresses" and again he attached the 2006 and 2010 Louisiana judgments. Therein, he states he mailed copies of the Louisiana judgments to Mother on October 10, 2013, to her last known mailing address, and he provided his alleged

2

"proof" of mailing. A hearing on Father's amended motion to enforce was originally set for November 20, 2013.

On November 15, 2013, Mother filed an answer to Father's 1st Amended Motion for Enforcement. In her answer, she objects to the assignment of the case to an associate judge, denies the allegations in Father's 1st Amended Motion for Enforcement, and argues that the Louisiana order he is seeking to enforce is "incapable of enforcement" because it "is ambiguous and is not clear and specific enough in its terms[.]" In her answer, Mother also requests that the trial court deny Father's motion to enforce and order him to pay her attorney's fees, costs, and expenses. Mother also filed a "Contest to Registration and Enforcement" in which she claims that she was not notified of the registration of the Louisiana orders in Texas as required by section 159.605 of the Texas Family Code and more specifically: (1) that she was not informed that a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state; (2) that a hearing to contest the validity of the order must be requested within twenty days after notice; (3) that she was not told that her failure to contest the validity or enforcement in a timely manner will result in confirmation of the order and alleged arrearages, and precludes further contest of that order; and (4) that she was not informed of the amount of the arrearage. In addition to arguing she was not given proper notice, she also sets forth her affirmative defense that the

3

provision of the 2010 Louisiana order Father was seeking to enforce was incapable of enforcement. She sought a hearing to contest registration and enforcement of the orders and prayed that the court "vacate the registration of the February 13, 2007 order and stay enforcement of the registered order. . . ." The hearing on Mother's Contest to Registration and Enforcement of the orders was set for the same date as the hearing on Father's 1st Amended Motion to Enforce. By agreement of the parties, the hearing was later reset for January 3, 2014.

Neither Father nor his attorney appeared at the hearing on January 3, 2014. Mother appeared with her attorney and argued that Father failed to file a motion to have a foreign order registered, and therefore the trial court did not have jurisdiction over the case. At the hearing, the trial court verbally granted Mother's Contest to Registration and Enforcement, found that the trial court had no jurisdiction to consider a motion to enforce "as no one ha[d] ever attempted to register any Louisiana order[,]" and the court dismissed the case for lack of jurisdiction. The Order of Dismissal states "[t]he Court finds that there is no motion to register the order; therefore, the Court has no jurisdiction over this matter."

On appeal, Father contends that the relevant Louisiana orders have been properly registered with the trial court, no evidence supports the claim that they were not registered, the trial court erred as a matter of law in dismissing the case

4

based on the lack of a "motion for registration," and the trial court abused its discretion in dismissing the case when "less harmful remedies" were available. Mother has not filed any response or briefing on appeal.

According to the record before us on appeal, Father filed an original pleading styled as "Motion for Enforcement and to Determine Cumulative Child Support Arrears[,]" and then an amended pleading styled as a "1st Amended Motion for Enforcement and to Determine Cumulative Child Support Arrears and Notice of Filing of Foreign Judgment." Although none of Father's pleadings were styled as a "motion for registration," we conclude that the applicable statute does not require an applicant who seeks to register a foreign judgment or order to file a "motion for registration." Because the pleadings filed by Father substantially comply with the registration provision set forth in Texas Family Code section 159.602, we conclude that the trial court erred in dismissing the case and finding that it lacked subject matter jurisdiction over the matter. We find it unnecessary to address Father's issues individually. *See* Tex. R. App. P. 47.1.

ANALYSIS

A. Standard of Review.

The trial court's order states that "[t]he Court finds that there is no motion to register the order; therefore, the Court has no jurisdiction over this matter." "Subject-matter jurisdiction is 'essential to a court's power to decide a case.'" *City*

5

*of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000)). Whether a court has subject matter jurisdiction presents a question of law we review de novo. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013).

B. Relevant Statutory Provisions.

The Uniform Interstate Family Support Act ("the Act"), Texas Family Code sections 159.001-159.901, expressly provides that a party may register an out-of-state support order or income-withholding order in Texas for enforcement. *See* Tex. Fam. Code Ann. § 159.601 (West 2014). By the late 1990's, Texas and all other states had adopted the Act. *In re G.L.A.*, 195 S.W.3d 787, 791 (Tex. App.—Beaumont 2006, no pet.). The Act "is designed to streamline and expedite interstate and intrastate enforcement of support decrees." *Cowan v. Moreno*, 903 S.W.2d 119, 121 (Tex. App.—Austin 1995, no writ).

Section 159.602, entitled "Procedure to Register Order for Enforcement" provides the following:

> (a) A support order or income-withholding order of another state may be registered in this state by sending to the appropriate tribunal in this state:
> (1)    a letter of transmittal to the tribunal requesting registration and enforcement;
> (2)    two copies, including one certified copy, of the order to be registered, including any modification of the order;

6

(3)     a sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage;

(4)     the name of the obligor and, if known:

(A) the obligor's address and social security number;

(B) the name and address of the obligor's employer and any other source of income of the obligor;

(C) a description of and the location of property of the obligor in this state not exempt from execution; and

(5)     except as otherwise provided by Section 159.312, the name of the obligee and, if applicable, the person to whom support payments are to be remitted.

Tex. Fam. Code Ann. § 159.602(a) (West 2014). Mother did not allege in her Answer or in her Motion to Contest that Father's pleading failed to comply with any particular requirement under 159.602(a). Rather, her contention in the Motion to Contest regarding the lack of notice specifically relates to the notice as required by Section 159.605 which occurs after an applicant has sought registration.

After registration, "the registering tribunal"[1] must cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form. *Id.* § 159.602(b) (West 2014). A petition or comparable pleading seeking a remedy that must be affirmatively sought under another Texas law may be filed at the same time as the request for registration or later, and the pleading must specify the grounds for the remedy sought. *Id*. § 159.602(c) (West

---

[1]A "tribunal" is defined as "a court, administrative agency, or quasi-judicial entity of a state authorized to establish, enforce, or modify support orders or to determine parentage." Tex. Fam. Code Ann. § 101.035 (West 2014).

7

2014). A support order issued in another state is "registered when the order is filed in the registering tribunal of this state." *Id.* § 159.603(a) (West 2014). Once registered, the support order "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." *Id.* § 159.603(b) (West 2014).

When an out-of-state support order is registered in Texas, the registering tribunal must notify the non-registering party, and the notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order. *Id.* § 159.605(a) (West 2014). The notice must inform the non-registering party: (1) that a registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this state; (2) that a hearing to contest the validity or enforcement of the registered order must be requested within twenty days after notice; (3) that failure to contest the validity or enforcement of the registered order in a timely manner (A) will result in confirmation of the order and enforcement of the order and the alleged arrearages; and (B) precludes further contest of that order with respect to any matter that could have been asserted; and (4) the amount of any alleged arrearages. *Id.* § 159.605(b) (West 2014). If the registering party asserts that two or more orders are in effect, the notice must also (1) identify the orders, including which order is alleged by the registering person to be the controlling order and the consolidated arrearages, if

8

any; (2) notify the non-registering party of the right to a determination of which order is the controlling order; (3) state that the procedures provided above apply to the determination of which order is the controlling order; and (4) state that failure to contest the validity or enforcement of the order alleged to be the controlling order in a timely manner may result in confirmation that the order is the controlling order. *Id.* § 159.605(c) (West 2014).

Should the non-registering party wish to contest the validity or enforceability of the order, that party may raise one or more of eight statutory defenses: (1) the issuing tribunal lacked personal jurisdiction over the contesting party; (2) the order was obtained by fraud; (3) the order has been vacated, suspended, or modified by a later order; (4) the issuing tribunal has stayed the order pending appeal; (5) there is a defense under the law of this state to the remedy sought; (6) full or partial payment has been made; (7) the statute of limitations under section 159.604 precludes enforcement of some or all of the alleged arrearages; or (8) the alleged controlling order is not the controlling order. *Id.* § 159.607(a) (West 2014).

C. Application.

We agree with Father that the applicable statutory provisions do not require him to file a "motion for registration" in order to register an out-of-state child support order. Section 159.602 sets out the "Procedure to Register Order for

9

Enforcement[.]" Nothing in the plain language of the statute requires a "motion for registration." A support order issued in another state is "registered when the order is filed in the registering tribunal of this state." *Id.* § 159.603(a). A petition or comparable pleading seeking a remedy that must be affirmatively sought under another law of Texas may be filed at the same time as the request for registration or later, and the pleading must specify the grounds for the remedy sought. *Id.* § 159.602(c) (West 2014). Accordingly, the trial court erred in finding that "no one ha[d] ever attempted to register any Louisiana order[,]" and in finding "that there is no motion to register the order; therefore, the Court has no jurisdiction over this matter."

Once the party seeking registration of a support order issued in another state files the order with the registering tribunal of this state, the order is registered. *Id.* § 159.603(a). Registration then triggers the obligation of the tribunal to send the required notice to the non-registering party under section 159.605. *See id.* § 159.605. There is no evidence in the record before us that indicates that the tribunal sent Mother the required notice as required by section 159.605, but Mother appeared in the case and filed an answer, and she specifically agreed to the resetting of the hearing, and then appeared at the hearing. Mother did not file a brief or response in this appeal. In her Contest to the Registration she argued that she was harmed because she did not receive the required statutory notice under

10

section 159.605 regarding time limits and consequences of her action or inaction to the filed orders. At the hearing on January 3, 2014, Mother failed to enumerate any particular complaints about what Father filed other than the contention that Father failed to "actually ask for the order to be registered."[2]

A statutory provision is jurisdictional, rather than substantive, only if the Legislature clearly indicates it is jurisdictional. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391-92 (Tex. 2014) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). If a statutory requirement is not jurisdictional, the tribunal may hear the case, although other consequences may flow from a party's failure to comply with the requirement. *See Dubai Petroleum Co.*, 12 S.W.3d at 75-77; *see generally Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 354, 359 (Tex. 2004), *superseded by statute on other grounds* (The lack of a timely notice under the Texas Tort Claims Act to the governmental entity, is a "complete defense to suit," but it does not deprive the trial court of subject matter jurisdiction. Failing to meet "a non-jurisdictional requirement mandated by statute may result in the loss of a claim, but that failure must be timely asserted and compliance can be waived."); *Hubenak v. San Jacinto Gas Transmission Co.,* 141 S.W.3d 172, 180 (Tex. 2004) ("unable to agree" is

---

[2]At the hearing, Mother's counsel subsequently stated that Father "asked to have it registered at the last hearing."

expressly required to be alleged in the condemnation petition, but while mandatory, it is not a jurisdictional requirement); *Jones v. City of Mineola*, 203 S.W.2d 1020, 1022-23 (Tex. App.—Texarkana 1947, writ ref'd) (holding that property owner's appearance at hearing before special commissioners in a condemnation action waived any complaint regarding State's failure to serve proper notice of hearing).

As stated in *Dubai*, deeming a provision jurisdictional "'opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment.'" *Dubai*, 12 S.W.3d at 76 (quoting Restatement (Second) of Judgments § 12 cmt. b, at 118 (1982)). "'[T]he modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction.'" *Id*. (quoting Restatement (Second) of Judgments § 11 cmt. e, at 113 (1982)). Accordingly, an appellate court should be reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect. *See Crosstex Energy Servs., L.P*., 430 S.W.3d at 391-92. Our analysis begins with the plain language of the statute. *City of DeSoto v. White*, 288 S.W.3d 389, 394-97 (Tex. 2009).

Nothing within the plain language of section 159.605 indicates that the failure of the *tribunal* to give the notice as outlined therein will constitute a jurisdictional defect or otherwise prevent the registration of a foreign order or

judgment. Tex. Fam. Code Ann. § 159.605. Rather, section 159.602 expressly outlines the procedure to register an order for enforcement. *Id.* § 159.602. Section 159.605 by its express terms applies only after the order "is registered." *Id.* § 159.605(a). Similarly, there is nothing within the plain language of section 159.602 that indicates the party who seeks to register an order for enforcement must file a "motion for enforcement." And, there is nothing in the registration process that expressly requires the tribunal's notice as outlined in section 159.605 to be sent *before* the order can be "registered." Moreover, in the record before us, Mother had actual notice of the proceedings and of the request from the Father giving notice of the filing of the foreign judgments or orders at issue; Mother filed an answer, made an appearance, and specifically appeared at the hearing; and Mother judicially admits within one of her pleadings that the order has been "registered."

We conclude that the trial court erred in dismissing the suit for lack of jurisdiction. *See Kendall v. Kendall*, 340 S.W.3d 483, 500-01 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (concluding that the registration procedures in section 159.602 are not jurisdictional). We reverse the trial court's judgment dismissing the case for lack of jurisdiction, and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice


Submitted on August 19, 2014
Opinion Delivered January 15, 2015
Before Kreger, Horton, and Johnson, JJ.