In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00212-CV
_____

**MICHAEL COLLINS, Appellant**

**V.**

**CORINNA VON SCHONAU-RIEDWEG AND EBUR INVESTMENTS, LLC, Appellees**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-02-01888 CV**

**MEMORANDUM OPINION**

Michael Collins appeals from the trial court's judgment denying his motion to contest recognition and enforcement of a foreign judgment and, alternatively, for new trial, in which he sought to prevent enforcement of a Massachusetts default judgment in favor of appellees. In his sole appellate issue, Collins asserts that the Texas court erred by affording full faith and credit to the default judgment entered by a Massachusetts court. We affirm the trial court's judgment.

1

BACKGROUND

Appellees Corinna von Schonau-Riedweg and Ebur Investments, LLC sued Collins[1] for damages arising from alleged misrepresentations and securities fraud.[2] Collins failed to appear in the lawsuit, and the Massachusetts court entered findings of fact and a default judgment against him, in which it assessed monetary damages of $5,000,000 in favor of appellees. Appellees filed a "Notice of Filing Foreign Judgment" ("the notice") with the 410th District Court in Montgomery County, Texas, as well as a petition to enforce the Massachusetts judgment in Texas.

Collins filed a motion in the Texas court contesting recognition and enforcement of the foreign judgment, or, alternatively, for new trial.[3] In his motion, Collins asserted that good cause exists to set aside the Massachusetts default judgment because the judgment remains subject to being set aside in Massachusetts and "the Massachusetts court lacked personal jurisdiction over

---

[1]The Massachusetts court determined in its findings of fact that Collins was a principal of Texas Syngas, one of the companies in which von Schonau was advised to invest.

[2]Appellees also sued other defendants who are not parties to this appeal.

[3]The record does not reflect that Collins filed a special appearance.

2

Collins and the question of personal jurisdiction was not fully and fairly litigated in the Massachusetts court."

Collins alleged that he was working with appellees' counsel in an attempt to resolve appellees' complaints against him, and that Collins and appellees' counsel agreed that Collins would present himself for deposition in Texas. According to Collins, he did not appear due to a miscommunication by appellees' counsel regarding a change to the date of the deposition, and Collins subsequently underwent multiple surgical dental procedures between June 2014 and August 2014 that rendered him unable to speak "without significant pain for weeks at a time."

Appellees moved for entry of a default judgment against Collins, and the Massachusetts court "entered the default" against Collins on September 4, 2014. According to Collins's motion, "[o]n September 16, 2014, prior to entry of a judgment against Collins on the default motion, Collins filed a Motion to Dismiss, asserting that the Massachusetts court lacked personal jurisdiction over Collins." In a judgment dated November 25, 2014, the trial court entered findings of fact and a

final default judgment against Collins for $5,000,000, and the trial court signed a "Corrected Final Judgment" against Collins on November 28, 2014.[4]

The Texas trial court scheduled a hearing on Collins's motions, and after conducting a hearing on Collins's motion for new trial, the Texas court signed an order denying the motion. In his sole appellate issue, Collins argues that the trial court erred by "giving full faith and credit to a judgment entered by a Massachusetts court that lacked personal jurisdiction over Collins and which judgment remained subject to review in Massachusetts."

ANALYSIS

The United States Constitution requires each state to give full faith and credit to public acts, records, and judicial proceedings from every other state. U.S. Const. art. IV, § 1; *see Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992). "Thus, a Texas court must recognize a properly proven judgment from another state and must give the judgment 'effect coextensive with

---

[4]Collins also filed a motion to dismiss in the Massachusetts court. In the motion to dismiss, Collins asserted that he is not a Massachusetts resident, has had "no purposeful contacts with the State of Massachusetts[,]" and asserted that the court's exercise of personal jurisdiction over him violates the due process clause because he has insufficient contacts with Massachusetts and maintenance of the suit there would offend traditional notions of fair play and substantial justice. The docket sheet from the Massachusetts court reflects that the court returned the motion to dismiss to Collins without filing it because Collins was in default, and the "default must be removed before a motion to dismiss can be filed."

4

that to which it is entitled in the rendering state.'" *In the Interest of G.L.A.*, 195 S.W.3d 787, 793 (Tex. App.—Beaumont 2006, pet. denied). "When a judgment is properly authenticated and admitted into evidence, the party opposing it must prove that the judgment is not entitled to full faith and credit[,]" and "[t]he opponent may challenge a facially valid order 'only on limited grounds such as a lack of personal jurisdiction by the issuing court, or some procedural defect that would render the decree void.'" *Id.* (quoting *Cowan v. Moreno*, 903 S.W.2d 119, 123 (Tex. App.—Austin 1995, no writ)).

As mentioned above, Collins contends that the default judgment is still subject to modification in Massachusetts, and he asserts that the Massachusetts court lacked personal jurisdiction over him. Specifically, Collins argues that Massachusetts law allows a defendant to move to set aside a default judgment within one year after the judgment, and that he "advised" the trial court that he intended to file a timely motion to set aside the judgment. In addition, with respect to personal jurisdiction, Collins maintains that he did not make a general appearance in the Massachusetts litigation and had objected to the Massachusetts court's exercise of personal jurisdiction over him before the trial court entered the default judgment.

As previously discussed, the record reflects that Collins never filed a motion to set aside the default with the Massachusetts court, but instead first filed a motion to dismiss, and the trial court returned that motion to Collins. As Collins admits in his brief, he did not file a motion to set aside the default with the Massachusetts court, and we note that more than one year has now elapsed since the corrected final default judgment was signed on November 28, 2014. *See* Mass R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)."); Mass. R. Civ. P. 60(b) (Motion to set aside a judgment must be made "not more than one year after the judgment, order or proceeding was entered or taken."). The record also reflects that Collins has not attempted to stay execution of the default judgment and post the required bond in Massachusetts. *See* Mass. R. Civ. P. 62(b) ("In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for relief from a judgment or order[.]"). For all of these reasons, we reject Collins's contention that the default judgment was still subject to attack in Massachusetts such that the trial court could not properly afford full faith and credit to that judgment.

We turn now to the issue of whether the Texas court correctly determined that the Massachusetts court properly exercised personal jurisdiction over Collins, thereby entitling its judgment to full faith and credit. To subject a defendant to personal jurisdiction, the defendant must have minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Massachusetts's long-arm statute provides that a trial "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or in equity arising from the person's . . . transacting any business in this commonwealth [or] causing tortious injury by an act or omission in this commonwealth[.]" Mass. Gen. Laws. C. 223A, § 3(a), (c).

In this case, the trial court had before it evidence that Collins lived and worked in Massachusetts during the time period at issue in the Massachusetts litigation; socialized with other defendants, including appellees' former financial advisor, in Massachusetts; worked for Texas Syngas in Massachusetts and received a salary for his work; misrepresented his background and experience; prevented potential investors access to the Texas Syngas facility in Massachusetts; and failed to properly maintain and operate the Texas Syngas facility. We conclude that the court below did not err by determining that the Massachusetts court properly

7

exercised personal jurisdiction over Collins. *See id.*; *Int'l Shoe Co.,* 326 U.S. at 316. We overrule Collins's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 14, 2016
Opinion Delivered May 12, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.